**Reese M. SMITH, Jr., Appellant,**

v.

**MORRIS AND COMPANY, Appellee.**

**No. 13–84–285–CV.**

Court of Appeals of Texas, Corpus Christi.

Feb. 21, 1985.

Rehearing Denied April 11, 1985.

Harry Dobbs, Jr., Corpus Christi, for appellant.

John W. Hennessey, Corpus Christi, for appellee.

Before UTTER, KENNEDY and KEITH [1], JJ.

---

1. Associate Justice, Court of Appeals, Ninth Supreme Judicial District (Ret.), sitting by designation. *See* Art. 1812, as amended.

## OPINION

UTTER, Justice.

Appellant originally brought a trespass to try title suit against appellee seeking to recover possession of a certain lot in Corpus Christi, damages and reasonable attorney's fees. Trial was held before the court, which denied appellant any recovery on his cause of action. We affirm the judgment of the trial court.

The parties each derive their respective interests, if any, from John Montalvo, their common source of title. Montalvo had acquired title to the subject property by a warranty deed, dated April 1, 1982, and recorded April 5, 1982, subject to a deed of trust that had previously been recorded in his chain of title. At the time that Montalvo purchased the subject property, his predecessors-in-title had defaulted on the note secured by the deed of trust. Montalvo expressly assumed the obligations under the deed of trust by entering into a reinstatement agreement, dated April 5, 1982, and recorded April 8, 1982, with the Federal National Mortgage Association (FNMA), the legal holder of the deed of trust instrument. Montalvo never made any payments on the note.

Under the terms of the deed of trust, FNMA on November 11, 1982, accelerated the indebtedness and appointed John Dillon as substitute trustee to foreclose on the property. Appellee Morris and Company purchased the subject property at the substitute trustee's sale, which was held on December 7, 1982; however, appellee did not record the substitute trustee's deed until January 31, 1983.

On May 19, 1982, a default judgment was rendered against Montalvo in Cause No. 82–1577–E, styled Steve Guzman and wife Lynda Guzman v. John Montalvo, in the 214th District Court of Nueces County. On November 18, 1982, the Nueces County Sheriff levied a writ of execution on the subject property; and, following notice by publication, appellant Reese M. Smith, Jr., purchased the subject property at a sheriff's sale on January 4, 1983, and recorded the sheriff's deed on January 13, 1983.

The parties have stipulated in writing (1) that all prerequisites for both a valid substitute trustee's sale and a valid sheriff's sale were met, (2) that, at the substitute trustee's sale on December 7, 1982, Morris and Company was "a bona fide purchaser for value," (3) that, at the sheriff's sale on January 4, 1983, Reese M. Smith, Jr., was "a bona fide purchaser for value" and (4) that a reasonable rental value of the property from the date of the sheriff's sale to the time of trial was $300.00 per month. In its findings of fact and conclusions of law, the trial court found that, by the substitute trustee's deed, John Dillon, as substitute trustee, conveyed to appellee Morris and Company all the rights, title and interest of John Montalvo and his predecessors-in-title.

In his three points of error, appellant asserts that the trial court erred by not holding that he owned title to the property and was entitled to possession, damages and reasonable attorney's fees. Appellant claims that, because he was "a bona fide purchaser for value" (as stipulated by the parties) who recorded his deed first, he was entitled to the protection afforded by the recordation statutes, TEX.REV.CIV.STAT. ANN. art. 6627 (repealed January 1, 1984) and TEX.PROP.CODE ANN. §§ 13.001 and 13.002 (Vernon Supp.1985) (effective January 1, 1984) (previously embodied in TEX. REV.CIV.STAT.ANN. art. 6627 (repealed January 1, 1984)). TEX.PROP.CODE arts. 13.001 and 13.002 provide:

Section 13.001. Validity of Unrecorded Instrument

(a) A conveyance of real property or an interest in real property or a mortgage or deed of trust is void as to a creditor or to a subsequent purchaser for a valuable consideration without notice unless the instrument has been acknowledged or proved and filed for record as required by law.

(b) The unrecorded instrument is binding on a party to the instrument, on the party's heirs, and on a subsequent pur-

chaser who does not pay a valuable consideration or who has notice of the instrument.

(c) This section does not apply to a financing statement, a security agreement filed as a financing statement, or a continuation statement filed for record under the Business & Commerce Code. § 13.002. Effect of Recorded Instrument

An instrument that is properly recorded in the proper county is notice to all persons of the existence of the instrument.

 Even though appellant and appellee stipulated that each party was "a bona fide purchaser for value," parties cannot validly stipulate to legal conclusions to be drawn from the facts of the case; such stipulations are without effect and bind neither the parties nor the trial court. *City of Houston v. Deshotel*, 585 S.W.2d 846 (Tex. Civ.App.—Houston [1st Dist.] 1979, no writ); *American Banker's Insurance Company v. Black*, 466 S.W.2d 616 (Tex. Civ.App.—Tyler 1971), reversed on other grounds 478 S.W.2d 434 (Tex.1972). Contrary to the parties' stipulation that appellant was "a bona fide purchaser for value," the proper legal conclusion to be drawn from the facts of the case is that appellant was not a bona fide purchaser for value without notice and was not entitled to the protection afforded a bona fide purchaser for value without notice.

Appellant claimed title through a sheriff's deed, which only conveyed to appellant "all the rights, title, interest and claim of the said John Montalvo" in and to the subject property. We hold that, in our fact situation, the sheriff's deed was in the nature of a quitclaim deed. *See City of Dallas v. Leake*, 300 S.W.2d 135 (Tex.Civ. App.—Dallas 1957, writ ref'd n.r.e.); *Childress v. Siler*, 272 S.W.2d 417 (Tex.Civ. App.—Waco 1954, writ ref'd. n.r.e.). A grantee in a quitclaim deed is not an innocent purchaser without notice but takes with notice of all defects in his grantor's title. *Hall v. Tucker*, 414 S.W.2d 766, 767 (Tex.Civ.App.—Eastland 1967, writ ref'd.

n.r.e.); *City of Dallas v. Leake*, 300 S.W.2d 135 (Tex.Civ.App.—Dallas 1957, writ ref'd. n.r.e.).

 Furthermore, where a deed of trust was on record, a purchaser of land is chargeable with notice of the deed of trust and takes title subject to the rights of the mortgagee under the deed of trust. *Musick v. Benjamin Franklin Savings & Loan Association*, 367 S.W.2d 209 (Tex. Civ.App.—Waco 1963, no writ); *Texas Company v. Tucker*, 129 S.W.2d 762 (Tex. Civ.App.—Ft. Worth 1939, writ ref'd.). Because the substitute trustee had previously foreclosed on and conveyed title to the subject property pursuant to the terms of the recorded deed of trust, the sheriff did not have any title to convey to appellant at the time of the sheriff's sale. Appellant's three points of error are overruled.

The judgment of the trial court is AFFIRMED.