United States Court of Appeals,
Fifth Circuit.

No. 94-10607

Summary Calendar.

FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity,
Plaintiff-Counter Defendant-Appellee,

v.

Vinodbhai T. PATEL, a/k/a Vino T. Patel, Defendant-Counter
Plaintiff-Appellant,

v.

NATIONSBANK, f/k/a NCNB Texas National Bank NA, Counter
Defendant-Appellee.

March 2, 1995.

Appeal from the United States District Court for the Northern
District of Texas.

Before REAVLEY, DAVIS and DeMOSS, Circuit Judges.

REAVLEY, Circuit Judge:

This is an appeal from a judgment in favor of Federal Deposit
Insurance Corporation in its corporate capacity ("FDIC-C") and
NationsBank in a suit for collection of the deficiency balance
owing under a promissory note signed by Vinodbhai Patel. We affirm
in part and vacate and remand in part.

BACKGROUND

Patel executed a promissory note (the "Note") in the principal
amount of $2,500,000.00, payable to First RepublicBank Dallas, N.A.
("FRBD"). On July 29, 1988, the Comptroller of the Currency
declared FRBD insolvent and appointed the Federal Deposit Insurance
Corporation as Receiver ("FDIC-R").

1

FDIC-R then transferred certain assets of FRBD to NCNB Texas National Bank pursuant to a Purchase and Assumption Agreement. NCNB subsequently changed its name to NationsBank. We will refer to the bank by its current name of NationsBank. Among the assets transferred from FDIC-R to NationsBank was the Note.

Patel defaulted on his obligations under the Note. After applying all offsets and credits, there remained a principal Note deficiency of $1,352,871.30. NationsBank filed an action in state court to recover on the note. Patel answered and filed counterclaims. NationsBank later transferred its interest in the Note to FDIC-C.

FDIC-C intervened in the state action and removed the case to federal district court. The federal district court realigned the parties so that FDIC-C became plaintiff, Patel remained as defendant, and NationsBank was aligned as counter-defendant. FDIC-C filed a motion for summary judgment, and the court granted that motion on all claims and counterclaims, reserving only the issue of whether FDIC-C had owner or holder status. After a non-jury trial, the court found that FDIC-C was the holder of the Note. The court entered judgment against Patel. The parties agree that Texas law applies to the state law issues in the case.

DISCUSSION

A. *Summary Judgment Evidence*

Patel argues that the district court based its grant of summary judgment on improper summary judgment evidence. Patel claims that the district court based its decision to grant summary

2

judgment largely on the affidavits of Steve Sieling and E. Patti Stacey which provided information about the Note, the takeover of FRBD, Patel's default and the balance remaining. He argues that those affidavits were not proper summary judgment evidence, because they were not based on personal knowledge. *See* Fed.R.Civ.P. 56(e).

Attached to the Sieling and Stacey affidavits are documents which provide the factual basis needed for collection by FDIC-C on the Note. Sieling and Stacey are qualified to speak from personal knowledge that the documents attached to the affidavits are admissible business records. *See United States v. Duncan,* 919 F.2d 981, 986 (5th Cir.1990), *cert. denied,* 500 U.S. 926, 111 S.Ct. 2036, 114 L.Ed.2d 121 (1991). Sieling was employed by AMRESCO Management, Inc. ("AMRESCO") when he prepared the affidavit. AMRESCO is the company which manages assets formerly owned by NationsBank and now owned by FDIC-C, including the Note. He previously worked for NationsBank. He manages the Patel Note file and is responsible for collection of the Note. Stacey also works for AMRESCO as the manager of the commercial loan portfolio managed on behalf of FDIC-C. She previously worked for NationsBank and also served as manager of loan processors with FRBD. She has been familiar with each bank and servicing company's computer records system. The documents and the affidavits which refer to them constitute appropriate summary judgment evidence adequate to support a grant of summary judgment in favor of recovery by FDIC-C on the Note.

B. *District Court's Finding that FDIC-C Held Holder Status*

3

Patel argues that the district court erred in entering judgment for FDIC-C, because FDIC-C never proved its status as owner or holder of the Note. Patel claims that FDIC-C failed to prove its chain of title. Specifically, Patel challenges the endorsement on the Note showing the transfer from FDIC-R to NationsBank, which was the transfer immediately preceding the transfer to FDIC-C. To establish that transfer link, the district court relied on a provision of the Texas Code which provides that endorsements on negotiable instruments are presumed to be genuine and authorized. Tex.Bus. & Com.Code Ann. § 3.307 (West 1994). Patel claims that the presumption does not control, because the Note was not a negotiable instrument under Texas law and because evidence which the court found sufficient to defeat summary judgment on the issue of holder or owner status must also necessarily rebut the presumption.

We need not reach the issue of whether the presumption was properly applied. Even if Patel is correct and the note was never transferred to NationsBank after it was obtained by FDIC-R, Patel must still pay the Note deficiency. The relevant transfer for the purpose of collection by FDIC-C was the original transfer to the FDIC from FRBD. As of that point, the FDIC was without question the holder of the Note. The fact that FDIC-R later transferred the Note to NationsBank and then repurchased the note as FDIC-C does not affect the relevant chain of title which gave the FDIC status as holder of the Note. It is unnecessary to prove the transfer from FDIC-R to NationsBank to allow collection on the Note by FDIC-

4

C.  NationsBank makes no claim, for collection or otherwise, in relation to the Note.  The transfer to NationsBank therefore has no relevance in this suit for collection by FDIC-C.

C. *Applicable Interest Rate*

Patel next argues that the district court erred in granting summary judgment on the amount of interest due on the deficiency amount.  The Note provided for a floating rate of interest based on the prime rate of FRBD, the original lending bank which later failed.  Patel argues that the court erred in substituting the prime rate set by NCNB for the nonexistent FRBD prime rate and granting summary judgment on the interest issue.

A panel of the Fifth Circuit has recently held that Texas case law controls on this issue and that the district court may not accept a substituted interest rate for the rate of a failed bank unless the FDIC proves its reasonableness.  *F.D.I.C. v. Ambika Investment Corp.,* 42 F.3d 641 (5th Cir.1994) (relying on *Bailey, Vaught, Robertson and Co. v. Remington Investments, Inc.,* 888 S.W.2d 860 (Tex.App.—Dallas 1994)).  The *Ambika Investment Corp.* decision makes clear that the reasonableness of a substituted rate is an issue of fact.  *Id.,* slip op. at 6.  Summary judgment on the amount of interest due is improper where, as here, there is no summary judgment evidence of the reasonableness of a substituted rate.  *Id.*  We must therefore vacate the grant of summary judgment on the interest calculation issue and remand to the district court for a determination of the reasonableness of the substituted NCNB rate and a determination of the amount of interest due under the

appropriate rate.

D. *Patel's Claim of Misrepresentation and Breach of Agreement*

Patel asserts claims against NationsBank for misrepresentation, breach of agreement and/or promissory estoppel. He believes that his claims provide him with "defenses and/or counterclaims" in this suit for recovery on the Note which should have survived summary judgment.

Patel provided summary judgment evidence, in the form of an affidavit signed by him, that Mr. Sanz, the Executive Vice President of FRBD, had agreed to loan him funds or allow him to draw funds out of CDs at the bank to finance the acquisition and maintenance of a Days Inn franchise. Based on this representation, Patel did purchase a Days Inn franchise. When FRBD went into receivership and NationsBank took over the assets of the failed bank, Patel asserts that he had discussions with NationsBank officers. The NationsBank officers agreed that they would restructure Patel's loan under the Note, allow Patel to draw funds from the CDs or obtain other loan advances so that the Days Inn franchise could be maintained. No funds were advanced and the CDs were never released. Patel claims that his resulting inability to secure funds prevented him from meeting the operating expenses of the hotel, including the payment of franchise fees. As a result, he lost the franchise and the value of the hotel property dropped significantly.

The district court granted summary judgment against Patel's claims. The court classified the claims as a defense based on

ratification by NationsBank of the representations made by FRBD. The court relied on *Horton v. Robinson,* 776 S.W.2d 260, 267 (Tex.App.—El Paso 1989), to hold that NationsBank could not have ratified the agreement made with FRBD, because the agreement was not made on behalf of NationsBank and did not purport to bind NationsBank.

However, Patel pleaded the existence of independent representations by NationsBank. *See* Record at I, 39-40. Patel's summary judgment evidence included an affidavit by Patel which stated that independent representations were made by NationsBank. *See* Record at II, 352-54. Other documentary summary judgment evidence also supports Patel's claims that NationsBank officers made promises to Patel. *See* Record at II, 363. Neither NationsBank nor FDIC ever presented any summary judgment evidence to contradict those factual assertions. Given the uncontradicted summary judgment evidence of independent action by NationsBank, the district court erred in disposing of the claims on the ratification basis. But summary judgment was still proper as to Patel's claims, because the claims cannot provide Patel with relief. *See Schuster v. Martin,* 861 F.2d 1369, 1371 (5th Cir.1988) (summary judgment may be upheld on different grounds than those relied on by the district court).

Patel's claims against NationsBank cannot serve as a defense to recovery under the Note. The claims are against NationsBank, but NationsBank does not hold the Note and does not request payment on the Note.

The claims against NationsBank cannot serve as a defense against FDIC-C, because the *D'Oench, Duhme* doctrine and 12 U.S.C. § 1823(e) insure that any undocumented representations made by NationsBank before FDIC-C purchased the note do not bind FDIC-C and do not bar recovery by FDIC-C of the Note amount. *D'Oench, Duhme & Co. v. F.D.I.C.,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942); 12 U.S.C. § 1823(e). The *D'Oench, Duhme* doctrine and section 1823(e) likewise prohibit any counterclaim for a setoff against the recovery by FDIC-C based on undocumented side agreements made by NationsBank. *See Beighley v. F.D.I.C.,* 868 F.2d 776, 784 (5th Cir.1989).

Patel may only assert his claims against NationsBank as an affirmative action for damages independent of the issue of collection under the Note. Nothing in the *D'Oench, Duhme* doctrine or elsewhere prevents a claim against the FDIC or a takeover bank based on their own representations or actions. *See F.D.I.C. v. Blue Rock Shopping Center,* 766 F.2d 744, 753 (3rd Cir.1985); *F.D.I.C. v. Harrison,* 735 F.2d 408, 412 (11th Cir.1984). However, Patel's action is doomed to fail. We affirm the district court's grant of summary judgment, because Patel's evidence presents no issue supporting a recovery from NationsBank.

If NationsBank indeed made promises to Patel to extend additional credit or to otherwise provide funds, there was no consideration given by Patel for such promises. No contract was formed, and no breach could have occurred. Additionally, Texas law prohibits breach of contract claims, such as Patel's, which are

8

based on alleged oral agreements to modify the conditions of a written loan agreement. *See Stavert Properties, Inc. v. RepublicBank of Northern Hills,* 696 S.W.2d 278, 280-81 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.).

Nor can Patel support his promissory estoppel action or his action based on misrepresentation or fraud, because Texas law requires a showing of detrimental reliance for both of those causes of action. *Sears Roebuck & Co. v. Meadows,* 877 S.W.2d 281, 282 (Tex.1994) (fraud or misrepresentation); *Aubrey v. Workman,* 384 S.W.2d 389, 393 (Tex.Civ.App.—Fort Worth 1964, writ ref'd n.r.e.) (promissory estoppel). Looking only at the representations alleged to have been made by NationsBank, those actions or representations of NationsBank did not affect the positions of the parties. Patel had already made the loan and franchise commitments before NationsBank entered the picture. NationsBank did not induce Patel to sign the Note, to buy the franchise or to take any other action. Patel would have been unable to maintain the hotel franchise and make payments on the Note regardless of whether NationsBank agreed to provide further financing and failed to do so or never made any such agreement. NationsBank did not cause the harm alleged by Patel.

The case is remanded for a determination of the reasonableness of the interest rate used by the district court to calculate the judgment amount in the proceedings below. Otherwise, the judgment is affirmed.

AFFIRMED IN PART, VACATED IN PART; AND REMANDED.