CAPROCK INVESTMENT
CORP., Appellant,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION et al.,
Appellees.

No. 11–97–00099–CV.

Court of Appeals of Texas,
Eastland.

Feb. 10, 2000.

Opinion Overruling Rehearing
April 27, 2000.

D. Patrick Long, Patton Boggs LLP, David L. Swanson, Ford Youngblut White & Salazar, Dallas, for appellant.

Elton Montgomery, Montgomery & Peavy, Graham, Ivan Cintron, Federal Deposit Ins. Corp., David A. Groveman, Dallas, William F. (Pete) Baker, McClesky Harriger Brazill & Graf, Lubbock, Lance Hall, Sweetwater, for appellees.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and DICKENSON, S.J.[*]

## OPINION

W.G. ARNOT, III, Chief Justice.

This appeal arises out of the attempt to collect on a delinquent note. On December 30, 1987, Elton Montgomery, Al Jonietz, Vernon Stevens, Tom Griffin, and Charles L. Cook, as individuals, executed a promissory note in the amount of $180,000.00 payable to the Texas Bank & Trust Co. in Sweetwater, Texas. The loan was given for the purchase of producing oil, gas, and mineral leases in New Mexico and Oklahoma. The properties were purchased by Montgomery First Corp. and LEOH Management Co., a general partnership whose partners were Jonietz, Stevens, Griffin, and Cook. Montgomery First Corp., Jonietz, Stevens, Griffin, and Cook executed deeds of trust to Texas Bank & Trust Co. pledging the properties to secure the loan. In 1988, the borrowers defaulted on the note, and Texas Bank & Trust Co. made demand and initiated suit and foreclosure proceedings.

Although properly served, none of the borrowers originally filed an answer.[1] On June 21, 1989, the trial court entered a default judgment against the borrowers for the sum of $154,349.16, the amount of unpaid principal and the accumulated interest owing; ordered foreclosure of the deed of trust liens; and ordered the sale of the secured property. Unknown to Texas Bank & Trust Co., Jonietz, one of the borrowers, had filed for protection in the bankruptcy court on June 1, 1989. On July 11, 1989, Jonietz filed a motion to set aside the trial court's default judgment which was granted by the court on July 20,

---

[*] Bob Dickenson, Retired Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

1. Although he was an individual maker on the note, Elton Montgomery was not a party to the original suit. However, Montgomery First Corp., the owner of the property, was. Judgment was originally taken against the corporation only.

1989. Jonietz has been subsequently severed from this suit.

On July 27, 1989, Texas Bank & Trust Co. failed, and its assets were transferred to the Federal Deposit Insurance Corporation as Receiver (FDIC–R). On March 17, 1992, Montgomery First Corp. filed an answer and a counterclaim against Texas Bank & Trust Co., and Elton Montgomery intervened in this suit asking for a declaratory judgment as to the rights and legal status between Texas Bank & Trust Co., its receivers, Montgomery First Corp., and Elton Montgomery, individually.

FDIC–R entered into a purchase and assumption agreement with First National Bank, Sweetwater, which agreed to purchase some of the assets and assume the deposits and certain other liabilities of the failed Texas Bank & Trust Co. FDIC–R requested that the Federal Deposit Insurance Corporation (FDIC–C) purchase certain assets of Texas Bank & Trust Co. to facilitate its purchase and assumption agreement with First National Bank, Sweetwater. On July 27, 1989, the FDIC–C entered into a contract of sale with the FDIC–R, agreeing to purchase those assets of Texas Bank & Trust Co. not purchased by First National Bank, Sweetwater. The contract specifically provided that FDIC–R would prepare a Schedule "A" describing the assets to be included in the sale to FDIC–C even if the schedule was not completed as of the date of sale. Also, on July 27, 1989, FDIC–R conveyed all of Texas Bank & Trust Co.'s assets not purchased by First National Bank, Sweetwater, to FDIC–C.

On April 21, 1992, FDIC–C sold the Montgomery note to Caprock Investment, Corp. On July 10, 1992, stating that it had purchased the note and that it was a successor in interest to Texas Bank & Trust Co. and FDIC–C, Caprock filed a notice of its intent to substitute itself as plaintiff and filed an amended petition suing Elton Montgomery, individually, and Montgomery First Corp. on the note, as well as the remaining partners of LEOH Management Co., Cook, Griffin, and Stevens. Elton Montgomery filed an objection to Caprock's intervention. Elton Montgomery, Montgomery First Corp., Stevens, FDIC–R, and Caprock all filed motions for summary judgment.

On February 28, 1994, and on March 25, 1994, the trial court entered orders denying Caprock's right to intervene in this cause, striking Caprock's pleadings including its motion for summary judgment, denying FDIC–R's motion for summary judgment, and granting summary judgment for Elton Montgomery and Stevens. On December 9, 1996, the trial court signed an order granting Montgomery First Corp.'s motion for summary judgment. The trial court later severed the actions against LEOH Management Co., Griffin, and Cook from this suit. Caprock appeals, bringing 12 points of error. We reverse and remand.

■ In its first five points of error, Caprock urges that the trial court erred in denying its right to intervene in this cause and in striking its pleadings. We agree.

■ In *Guaranty Federal Savings Bank v. Horseshoe Operating Company*, 793 S.W.2d 652 (Tex.1990), the Supreme Court addressed this issue. Under TEX. R.CIV.P. 60, a person or entity has the right to intervene if he could have brought the same action or any part thereof in his own name or if he would be able to defeat recovery, or some part thereof, if the action had been brought against him. *Texas Supply Center, Inc. v. Daon Corporation*, 641 S.W.2d 335, 337 (Tex.App.—Dallas 1982, writ ref'd n.r.e); *Inter–Continental Corporation v. Moody*, 411 S.W.2d 578, 589 (Tex.Civ.App.—Houston [1st Dist.] 1966, writ ref'd n.r.e.). The interest asserted by the intervenor may be legal or equitable. *Inter–Continental Corporation v. Moody, supra* at 589. Although the trial court has broad discretion in determining whether an intervention should be stricken, it is an abuse of discretion to strike a plea in intervention if (1) the

intervenor meets the above test, (2) the intervention will not complicate the case by an excessive multiplication of the issues, and (3) the intervention is almost essential to effectively protect the intervenor's interest. *Texas Supply Center, Inc. v. Daon Corporation, supra* at 337; *Inter-Continental Corporation v. Moody, supra* at 589.

Elton Montgomery and Stevens allege that, because Caprock never produced the Schedule A described in the contract of sale and referred to in the assignment of assets from FDIC–R to FDIC–C, Caprock cannot prove that it is the owner of the Montgomery and Stevens' note and that it has no right to intervene. Elton Montgomery and Stevens assert that the parties stipulated that the production of Schedule A would identify whether the note was in fact sold by FDIC–R to FDIC–C and that, having failed to produce Schedule A, Caprock was properly struck as a party by the court.

■ The stipulation referred to by Elton Montgomery and Stevens is not in the record before us. TEX.R.CIV.P. 11. In its August 1993 order setting aside its July 1993 order which allowed Caprock to appear as a substitute plaintiff, the trial court stated: "Through its failure to deliver [Schedule A], Caprock has failed to present evidence of title or ownership of the promissory note made the basis of this cause." However, the trial court should determine the party's justiciable interest on the basis of the sufficiency of the petition in intervention. *Metromedia Long Distance, Inc. v. Hughes*, 810 S.W.2d 494 (Tex.App.—San Antonio 1991, writ den'd); *McCord v. Watts*, 777 S.W.2d 809, 812 (Tex.App.—Austin 1989, no writ). The sufficiency of the petition is tested by its allegations of fact construed in conjunction with the allegations of fact set out in the pleadings of those persons resisting the intervention. *Rogers v. Searle*, 533 S.W.2d 440, 442 (Tex.Civ.App.—Corpus Christi 1976, no writ).

■ Failure to produce Schedule A was not fatal to Caprock's ability to prove that it is the owner of the note. Transfer of a note may be proved by testimony as well as by documentation. *Christian v. University Federal Savings Association*, 792 S.W.2d 533 (Tex.App.—Houston [1st Dist.] 1990, no writ). The missing exhibit was not necessary to establish Caprock as the owner. TEX. BUS. & COM. CODE ANN. § 3.301 (Vernon Supp.2000). See *Lloyd v. Lawrence*, 472 F.2d 313 (5th Cir.1973); *Bailey, Vaught, Robertson and Company v. Remington Investments, Inc.*, 888 S.W.2d 860 (Tex.App.—Dallas 1994, no writ).

Because we find that the trial court abused its discretion in denying Caprock's intervention, Caprock's Points of Error Nos. 1 through 5 are sustained.

■ We next address Caprock's Points of Error Nos. 6 through 11, asserting that the trial court erred in granting Elton Montgomery's and Stevens' motions for summary judgment. When reviewing a summary judgment, this court will adhere to the following standards:

(1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;

(2) In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and

(3) Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

TEX.R.CIV.P. 166a; *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546, 548–49 (Tex.1985). Issues that are not expressly presented to the trial court in writing cannot be urged on appeal. *Goswami v. Metropolitan Savings and Loan Association*, 751 S.W.2d 487, 491 (Tex.1988); *Nixon v. Mr. Property Management Company, Inc., supra* at

548–49; *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex. 1979).

When both an appellant's and an appellee's motions for summary judgment are properly before the trial court, all evidence accompanying both motions is considered in deciding them. *DeBord v. Muller*, 446 S.W.2d 299, 301 (Tex.1969). In discharging its burden of demonstrating that the trial court's decision was erroneous because the appellees failed to establish as a matter of law the absence of an issue of material fact, appellant must point out any fact question which allegedly existed on material issues. *Kimble v. Aetna Casualty and Surety Company*, 767 S.W.2d 846, 847 (Tex.App.—Amarillo 1989, writ den'd).

At issue in Elton Montgomery's and Stevens' motions for summary judgment was the position that Jonietz' discharge in bankruptcy, as a matter of law, satisfied their obligation on the note because Jonietz was a co-maker and that Caprock was estopped from collecting its debt against them. Elton Montgomery and Stevens contended that the bankruptcy court's confirmation of Jonietz' plan paid or otherwise satisfied the note because Jonietz valued his interest in the collateral in an amount greater than the amount owing on the note as stated in the proof of claim filed by FDIC–C. In Jonietz' bankruptcy case, FDIC–C's proof of claim showed that approximately $165,000.00 was owed on the debt. Jonietz listed the value of the oil and gas properties pledged as collateral as having a value of $180,000.00. Elton Montgomery and Stevens were listed as additional creditors in Jonietz' bankruptcy. Elton Montgomery and Stevens argue that, because FDIC–C failed to object to this valuation in Jonietz' bankruptcy and because the plan was adopted, Caprock was estopped from collecting on the note as a matter of law. We disagree.

The effect of collateral estoppel is to preclude a reexamination in the second suit of any matter that was necessarily determined in the first suit. *Wilhite v. Adams*, 640 S.W.2d 875 (Tex.1982); *Benson v. Wanda Petroleum Company*, 468 S.W.2d 361 (Tex.1971). While the bankruptcy court's confirmation of a plan binds the debtor and all creditors as to that debtor, it does not follow that a discharge in bankruptcy alters the rights of a creditor to collect from third parties. 11 U.S.C.A. § 524(e) (West 1993); *First Fidelity Bank v. McAteer*, 985 F.2d 114 (3rd Cir.1993). Unless an instrument specifies otherwise, co-makers are severally and jointly liable for the debt. TEX. BUS. & COM. CODE ANN. § 3.116 (Vernon Supp. 2000); *Bixenstine v. Palacios*, 805 S.W.2d 889 (Tex.App.—Corpus Christi 1991, no writ). It is clear from the language and history of Section 524(e) that the discharge of a debtor's obligation by operation of the Bankruptcy Code does not discharge or affect in any way a co-maker's liability on his obligation.

Elton Montgomery and Stevens have not shown that their debt has been previously discharged as a matter of law. Consequently, the trial court erred in granting their motions for summary judgment. Caprock's Points of Error Nos. 6 through 11 are sustained.

In its final point of error, Caprock urges that the trial court erred in not granting FDIC–R's motion for summary judgment. We disagree. After considering all of the summary judgment evidence, there is a material question of fact concerning the deficiency, if any, owing by the makers after the disposal of the oil and gas properties given as collateral. A secured party is not required to first sell collateral before suing on the note. *Schmid v. Texas Commerce Bank–Fort Worth, N.A.*, 912 S.W.2d 845 (Tex.App.—Fort Worth 1995, writ den'd). The only limits on the creditor's disposition of the collateral is that it must be commercially reasonable and must be made only after notification to the debtor as required by former TEX. BUS. & COM. CODE

§ 9.504 (1991) now TEX. BUS & COM. CODE ANN. §§ 9.610 & 9.611 (Vernon Supp.2000). *Greathouse v. Charter National Bank–Southwest*, 851 S.W.2d 173 (Tex.1992). However, if the collateral is sold, the debtors are entitled to credit for the proceeds received from the collateral. The final point of error is overruled.

The judgment of the trial court is reversed, and the cause is remanded for trial on the merits.

## ON MOTION FOR REHEARING

■ Elton Montgomery complains of Caprock Investment Corp.'s failure to produce Schedule "A," a document listing the assets transferred from FDIC–R to FDIC–C. We note that the capacity in which the FDIC transfers assets (FDIC–R or FDIC–C) does not affect the relevant chain of title which gives the FDIC status as holder of the asset. See *Federal Deposit Insurance Corporation v. Patel*, 46 F.3d 482 (5th Cir.1995); *Bosque Asset Corp. v. Greenberg*, 19 S.W.3d 514 (Tex. App.—Eastland 2000, rehearing filed).

■ In his motion for rehearing, Montgomery also contends that the parties stipulated that Caprock would produce Schedule A and that this alleged stipulation controls Caprock's right to intervene. We note that, under TEX.R.CIV.P. 11, an agreement between parties that touches a pending suit is not enforceable "unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."

■ Montgomery admits that the alleged stipulation is not "in writing, signed and filed with the papers as part of the record." Rule 11. He argues, however, that the stipulation should be given effect as it was made in open court and entered of record. In support of this, Montgomery cites the trial court's order which states that:

[C]ounsel for all parties present stipulated and agreed that Caprock Investments, Inc. could enter its appearance ... provided Caprock Investments forwarded to all counsel Exhibit "A" of the Contract of Sale between FDIC–C and FDIC–R.

A reference in the trial court's order to a stipulation that does not appear anywhere in the record does not satisfy the requirements of Rule 11. *Markman v. Gaitz*, 499 S.W.2d 692, 697 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.). Because the stipulation alleged to exist does not comply with the mandates of Rule 11, it is without effect.

■ Montgomery also asserts that the stipulation is enforceable despite noncompliance with Rule 11 as the stipulation is undisputed. The Supreme Court has held that, while Rule 11 "means precisely what it says," courts may enforce undisputed stipulations whether or not they comply with the requirements of Rule 11. *Kennedy v. Hyde*, 682, S.W.2d 525, 529 (Tex. 1984). Caprock concedes that it agreed to produce Exhibit "A" of the contract of sale between FDIC–C and FDIC–R. However, Caprock argues that the stipulation was of no effect. Even assuming that this is the type of undisputed stipulation that falls within an exception to Rule 11, we agree with Caprock.

■ Stipulations as to legal conclusions, as opposed to facts, are not binding on courts or parties. *Cartwright v. MBank Corpus Christi, N.A.*, 865 S.W.2d 546, 549 (Tex.App.—Corpus Christi 1993, writ den'd). The question of whether Caprock was the proper plaintiff was a question of law. See *Guaranty Federal Savings Bank v. Horseshoe Operating Company*, 793 S.W.2d 652, 657 (Tex.1990). Therefore, the stipulation between the parties could not be determinative on this point. See *Smith v. Morris and Company*, 694 S.W.2d 37, 39 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.).

Next, in his motion for rehearing, Montgomery argues that the FDIC's debt was discharged in Al Jonietz' bankruptcy case and that, under the federal rules of res judicata, Caprock is barred from seeking to collect payment on the note from Montgomery and Stevens, the comakers. Under federal law, the doctrine of res judicata will apply if the parties are identical in both suits, if the prior judgment is rendered by a court of competent jurisdiction, if there is a final judgment on the merits, and if the same cause of action is involved in both cases. *Russell v. SunAmerica Securities, Inc.*, 962 F.2d 1169, 1172 (5th Cir.1992); *Eagle Properties, Ltd. v. Scharbauer*, 807 S.W.2d 714 (Tex.1990). Montgomery relies on *Geary v. Texas Commerce Bank*, 967 S.W.2d 836 (Tex.1998), for the proposition that a confirmation order, under the principal of res judicata, is final as to all issues decided or which could have been decided at the hearing on confirmation. Unlike in *Geary*, the order confirming the plan before us does not purport to release the debt of the comakers. *Shade v. Fasse* (In re Fasse), 40 B.R. 198 (Bankr.D.Colo.1984). The plan itself was never introduced into summary judgment evidence. Montgomery describes the issue that was tried before the bankruptcy court as whether the indebtedness was fully satisfied by the valuation of the collateral. However, the issue in the bankruptcy court was the discharge of Jonietz' liability on the note, not that of his comakers. *In re Fox*, 142 B.R. 206, 210 (Bankr.S.D.Ohio 1992).

The motion for rehearing is overruled.