CAPROCK V. MFC

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-155-CV

CAPROCK INVESTMENT CORP. APPELLANT

V.

MONTGOMERY FIRST CORP. APPELLEE

------------

FROM THE 90TH DISTRICT COURT OF YOUNG COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant Caprock Investment Corp. (“Caprock”) appeals a traditional summary judgment granted in favor of Appellee Montgomery First Corporation (“MFC”).  We affirm.

Factual and Procedural History

On December 30, 1987, Elton Montgomery, Vernon Stevens, Tom Griffin, Charles Cook, and Al Jonietz signed a promissory note in the amount of $180,000 payable to Texas Bank and Trust, Co. (“TB&T”).  The note was given for the purchase of oil, gas, and mineral interests in New Mexico and Oklahoma by MFC and others.  As security for the note, MFC, Stevens, Griffin, Cook, and Jonietz executed deeds of trust on the properties. 

After several months of nonpayment, TB&T sued the makers of the note in Nolan County on May 10, 1989 (the “Nolan County suit”). TB&T also sued MFC although it was not a maker on the note.  TB&T sought:

reformation of the deeds of trust, 

judicial foreclosure of the liens, 

possession of the collateral based upon the alleged failure of the defendants to maintain the leases or properly operate the oil and gas equipment, and

recovery of the amount due on the note.

On June 5, 1989, TB&T obtained a temporary injunction in the Nolan County suit against the defendants, preventing them from removing or selling equipment on the land, spending or concealing oil and gas revenues, or interfering with TB&T’s right to take possession of the land.  On July 27, 1989, TB&T failed, and its assets were transferred to the Federal Deposit Insurance Corporation (“FDIC”), as liquidator of the bank.

 On June 1, 1989, Al Jonietz, one of the makers of the note and a defendant in the TB&T case, filed for bankruptcy.  Jonietz submitted a Chapter 13 Plan Summary and a Modified Chapter 13 Plan and Motion For Valuation (the “Plan”).  With regard to the note at issue, the Plan provided that the claim “shall be satisfied as ‘SECURED’ to the extent of the VALUE of the collateral as shown, by the SURRENDER of the collateral by the Debtor.”  The oil and gas leases were valued at $180,000 under the Plan.  The then-current holder of the note, the FDIC, was notified of the Plan but did not object.  The Plan was confirmed by order of the bankruptcy court and entered on December 4, 1989. The FDIC did not appeal or object to the order.  Control of the collateral was surrendered to the FDIC by virtue of the Order confirming the Plan.  On December 9, 1989, the FDIC filed its proof of claim in the bankruptcy court for $154,349.16 in principal and $10,366.28 in interest on the note, less than the value of the collateral as determined by the Plan. 

The FDIC as receiver of TB&T was substituted as a plaintiff in the Nolan County suit. In 1992, Caprock purchased the note from the FDIC and filed a notice of intent to substitute itself as plaintiff as owner of the note for its predecessors, the FDIC and TB&T.  Caprock filed an amended petition in the Nolan County Suit as a substitute plaintiff.  

On February 28, 1994, the trial court struck Caprock’s pleadings as a substituted plaintiff on the ground that Caprock failed to establish its chain of title to the note.  Elton Montgomery and Vernon Stevens filed motions for summary judgment against the FDIC, which the trial court granted.  MFC also filed a motion for summary judgment, contending that surrender of the collateral to the control of the FDIC pursuant to the order confirming the Plan in the bankruptcy proceeding of Jonietz discharged and satisfied MFC’s liability on the note.  The court granted MFC’s motion on December 9, 1996. 

Caprock appealed the order striking it as a substitute plaintiff as well as the summary judgments granted to Montgomery and Stevens; however, Caprock did not appeal the summary judgment in favor of MFC.  
See
 
Caprock Inv. Corp. v. Fed. Deposit Ins. Corp.
, 17 S.W.3d 707 (Tex. App.—Eastland 2000, pet. denied) (“
Caprock I
”).  The Eastland Court of Appeals held that the trial court erred in striking Caprock as a substituted plaintiff. 
 Id.
 at 711.  The court of appeals also reversed the summary judgments in favor of Stevens and Montgomery, holding that neither of them had 
proven as a matter of law that their debt was discharged by the Order confirming the Plan in the Jonietz bankruptcy because 
the bankruptcy discharge applied only to Jonietz’s liability on the note, not that of co-makers.  
Id
. at 714.  The court of appeals remanded the cause to the trial court.

On remand, having been reinstated as substituted plaintiff, Caprock amended its pleadings to assert only a claim on the note and not for foreclosure, and moved for summary judgment against MFC, Montgomery, and Stevens as co-makers on the note.  This time the Nolan County trial court granted Caprock’s motions.
  MFC and Montgomery appealed; Stevens did not.  
See Montgomery First Corp. v. Caprock Inv. Corp.
, 89 S.W.3d 179, 181 (Tex. App.—Eastland 2002, no pet.) (“
Caprock II
”).  On the second appeal, the Eastland Court of Appeals reversed Caprock’s summary judgments against MFC and Montgomery.  
Id. 
Because Caprock had not appealed the summary judgment in favor of MFC in the first appeal, the court of appeals held, that prior summary judgment in favor of MFC was a final judgment on the merits of the claims asserted by Caprock to which Caprock was bound
.  
The court of appeals thus held that Caprock’s summary judgment against MFC was improper because Caprock’s claim against MFC was barred by res judicata as a matter of law.  
Id.
 at 185
.
(footnote: 2)   

In September 2003, Caprock filed a new suit based on the same debt in Young County against Cook, Stevens, Griffin, and MFC.  In the new suit, Caprock sought:

judicial foreclosure on the deeds of trust, 

damages for breach of contract on the deeds of trust for failing to maintain the oil and gas properties and/or committing waste, and

the amount of principal and interest due under the note in excess of what could be obtained through foreclosure.

MFC moved for summary judgment in the Young County suit on the grounds of res judicata and collateral estoppel as well as the ground that the note was satisfied and “paid” by virtue of the confirmation, valuation, and surrender of the collateral to the FDIC in the Jonietz bankruptcy.  The Young County trial court granted MFC’s motion for summary judgment on all three grounds and severed the summary judgment from the remainder of the suit, making it final and appealable.  Caprock complains in this appeal of that summary judgment in favor of MFC.

Discussion

In reviewing a traditional summary judgment, the issue on appeal is whether the movant met its summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
Sw. Elec. Power Co. v. Grant
, 73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin
, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts as to the existence of a genuine issue of material fact are resolved against the movant.  
Sw. Elec. Power Co.,
 73 S.W.3d at 215; 
Sci. Spectrum Inc. v. Martinez
, 941 S.W.2d 910, 911 (Tex. 1997); 
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).  Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant.  
Great Am.,
 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true.  
Hartwell v. State Farm Mut. Auto Ins. Co.
, 896 S.W.2d 170, 173 (Tex. 1995).  Evidence that favors the movant’s position will not be considered unless it is uncontroverted.  
Great Am.,
 391 S.W.2d at 47.

A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively established all of the elements of that defense.  
Rhone-Poulenc, Inc. v. Steel
, 997 S.W.2d 217, 223 (Tex. 1999).  The defendant in such a case has the burden to establish each element of the affirmative defense as a matter of law.  
Ryland Group, Inc. v. Hood
, 924 S.W.2d 120, 121 (Tex. 1996).  When the trial court’s judgment rests upon more than one independent ground or defense, the summary judgment will be affirmed on appeal if any of the grounds ruled upon or presented to the trial court is meritorious.  
Cincinnati Life Ins. Co. v. Cates
, 927 S.W.2d 623, 625 (Tex. 1996) (holding even grounds raised but not ruled upon may be considered as basis to uphold summary judgment in interest of judicial economy); 
Keo v.
 
Vu, 
76 S.W.3d 725, 730 (Tex. App.—Houston 2003, pet. denied) (holding appellate court will affirm summary judgment if one ground is meritorious).

Res Judicata

Caprock’s first issue attacks the summary judgment rendered in favor of MFC in this suit on the ground that the prior summary judgment in favor of MFC in the Nolan County suit is res judicata as to Caprock’s claims.  It is uncontroverted that Caprock did not appeal the prior summary judgment in favor of MFC in the Nolan County suit.  
Caprock I, 
17 S.W.3d at 708;
 Caprock II
, 89 S.W.3d at 
186.  A summary judgment is a final judgment on the merits and if not appealed can be res judicata.  
Pines of Westbury, Ltd. v. Paul Michael Const., Inc.
, 993 S.W.2d 291, 294 (Tex. App.—Eastland 1999, pet. denied). The doctrine of res judicata, or claim preclusion,
 
prevents relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that with the use of diligence should have been litigated in the prior suit.  
State and County Mut. Fire Ins. Co. v. Miller, 
52 S.W.3d 693, 696 (Tex. 2001); 
Barr v. Resolution Trust Corp
., 837 S.W.2d 627, 628 (Tex. 1992).  

The elements of res judicata are 1) a prior final judgment on the merits by a court of competent jurisdiction, 2) identity of the parties or those in privity with them, and 3) a second action based on the same claims as were raised or that could have been raised in the first action.  
Amstadt v. U.S. Brass Corp.
, 919 S.W.2d 644, 652 (Tex. 1996); 
Barr
, 837 S.W.2d at 631 (holding that a subsequent suit will be barred if it arises out of the same subject matter as a previous suit and through the exercise of diligence could have been litigated in the previous suit). 
 

Texas follows the “transactional” approach to res judicata, which requires an analysis of the factual matters that make up the gist of the complaint, without regard to the form of the action, similar to the rule of compulsory counterclaims for any claim that “arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim.”  
Barr
, 837 S.W.2d at 630 (
quoting 
Tex. R. Civ. P. 97
).  The determination is made pragmatically, “giving weight to such considerations as to whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties’ expectations.  
Barr
, 837 S.W.2d at 630 (quoting from § 24(1) of 
the Restatement of Judgments
).  

Parties can be in privity in at least three ways:  (1) if they control an action even if they are not parties to it; (2) if their interests are represented by one who is a party to the action; or (3) if they are successors in interest, deriving their claims through a party to the prior action.   
Amstadt,
 919 S.W.2d at 653; 
Getty Oil Co. v. Ins. Co. of N. Am.
, 845 S.W.2d 794, 800-01 (Tex. 1992), 
cert. denied
, 510 U.S. 820 (1993). 
 It is uncontroverted that Caprock is in privity with TB&T and the FDIC as the current holder of the note.   

Caprock first argues that res judicata does not bar its claims in this case because its claims in this case are based on the deed of trust and are not the same as the claim it asserted in the Nolan County suit, which was based solely on the note.  Therefore, Caprock asserts that the two suits concern different subject matter.  We disagree.  The prior summary judgment in favor of MFC was not rendered against Caprock on its claim on the note but against its predecessor, the FDIC as Receivor for TB&T, which remained as plaintiff after Caprock was struck as substituted plaintiff in the suit.  In the Nolan County suit, TB&T
(footnote: 3) alleged that MFC (and the other defendants) defaulted on the note and wasted the collateral and sought to reform the deed of trust, foreclose its liens, take possession of the collateral, and recover the amount due on the note.  It was those claims that formed the basis for the prior summary judgment in favor of MFC.  In this suit, Caprock alleged that MFC (and the other defendants) defaulted on the note and wasted the collateral and sought to foreclose on the deed of trust, damages for waste, and the amount due on the note.  Both the claims and the remedies are essentially the same. 

Second, Caprock contends, and we agree, that a judgment on a suit may not operate as res judicata to a subsequent suit if, in the interval, facts have changed or new facts have occurred which alter the legal rights of the parties.  
Martin v. Martin, Martin, & Richards, Inc.
, 989 S.W.2d 357, 358 (Tex. 1998).  However, the “new” or “changed” facts alleged by Caprock are neither new nor changed.  Caprock argues that it did not know about the alleged waste until it obtained an April 1989 letter written by Elton Montgomery to Al Jonietz that detailed his concerns about waste on the oil and gas leases.  Caprock contends that MFC withheld this letter from it until November 2003 despite appropriate discovery requests in the Nolan County suit.  In the letter, Montgomery expressed his displeasure over the abandonment of some wells, the failure to pay operating costs, and the failure to secure certain wellhead property. 

The record belies Caprock’s contention.  The summary judgment evidence shows that Caprock deposed Montgomery in the Nolan County suit in 1993 and asked him specifically whether the oil and gas leases had been neglected to the point that there was little or no production from them.  Montgomery testified that he had heard that production on some leases was marginal, that other leases had been completely abandoned, and that equipment that could have been salvaged for forty to fifty thousand dollars in 1989 or 1990 was worthless by 1993.  Montgomery’s deposition put Caprock on notice of the existence and general extent of the alleged waste as early as 1993.  Thus, the “new” facts were known at a time when they could have been litigated in the prior suit.  We hold that Montgomery’s 1989 letter, even if it was wrongfully withheld from discovery in the Nolan County suit, does not reflect new or changed facts that would defeat the res judicata bar.  We therefore hold that the trial court did not err by granting summary judgment on the basis of
 
res judicata.  We overrule Caprock’s first issue.

Conclusion

Because we hold that the trial court did not err in granting MFC’s motion for summary judgment on the basis of res judicata, we need not consider Caprock’s remaining issues.  
See 
Tex. R. App. P.
 47.1.  We affirm the trial court’s judgment.  
See
 
Tex. R. App. P.
 43.2(a).

PER CURIAM

PANEL F: GARDNER, HOLMAN, and WALKER, JJ.

DELIVERED:  November 23, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
The summary judgment against Montgomery was held to be improper because Caprock failed to meet its summary judgment burden as to the amount due on the note.  
Id.
 at 186.  The case was again remanded as to Montgomery and remains pending in Nolan County.

3:
Caprock filed an amended petition when it intervened in the Nolan County suit, but the trial court struck that pleading on the same day it granted Montgomery’s and Steven’s motions for summary judgment.  Thus, the live pleading before the trial court when it granted MFC’s motion for summary judgment was TB&T’s original petition.