

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00111-CV

JOHN ESPINOZA                                                          APPELLANT

V.

WELLS FARGO BANK, N.A., D/B/A                                          APPELLEES
WELLS FARGO DEALER
SERVICES, F/K/A WELLS FARGO
DEALER SERVICES, INC., F/K/A
WACHOVIA DEALER SERVICES,
INC., AND F/K/A WFS FINANCIAL
INC.

------------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal from a summary judgment in a suit to recover a

deficiency on a motor vehicle installment loan contract (the note). In numerous

---

[1]*See* Tex. R. App. P. 47.4.

issues, appellant John Espinoza contends generally (1) that appellee Wells Fargo Bank, N.A.[2] (Wells Fargo) failed to prove any facts in the case, most importantly that it was the lawful owner of the note and that it had been properly assigned the lender's rights under the note—which we construe as a challenge to the trial court's granting Wells Fargo's summary judgment motion and which we will refer to as issue one, (2) that the trial court erred by denying Espinoza's motions to dissolve a writ of sequestration obtained by Wells Fargo—which we will refer to as issue two, (3) that the trial court erred by failing to rule on Espinoza's motion to dismiss the suit under section 27.003(a) of the civil practice and remedies code—which we will refer to as issue three, and (4) that the trial court failed to make required findings of fact and conclusions of law—which we refer to as issue four. We affirm.

## Background

Espinoza bought and financed a truck from Vandergriff Toyota in February 2006. In July 2011, Wells Fargo sued Espinoza seeking a writ of sequestration of the truck, which the trial court granted. In a later amended petition, Wells Fargo claimed specifically that (1) Vandergriff had assigned its rights as lender under the note, entitled "Motor Vehicle Retail Installment Sales Contract," to WFS Financial, Inc., Wells Fargo's predecessor, (2) through assignment and merger,

---

[2]Doing business as Wells Fargo Dealer Services, formerly known as Wells Fargo Dealer Services, Inc., formerly known as Wachovia Dealer Services, Inc., formerly known as WFS Financial Inc.

2

Wells Fargo was the holder of a perfected security interest in the vehicle, and (3) Espinoza had defaulted on the note. Wells Fargo sought as alternative remedies breach of contract damages in the amount of $26,084.32, conversion damages of $10,700, and specific performance. Wells Fargo also sought attorney's fees.

Espinoza filed a general denial and a counterclaim. In his counterclaim, he contended that Wells Fargo had wrongfully obtained a writ of sequestration because it was not the owner of the note.

Espinoza filed several motions to dissolve the writ of sequestration during the pendency of the suit. In March 2012, Wells Fargo moved for permission to sell the truck in an attempt to recover part of the amount owed by Espinoza. The trial court heard Wells Fargo's motion to sell and Espinoza's motions to dissolve the writ of sequestration on the same day. It denied dissolution of the writ of sequestration, and it also ordered the truck sold and the proceeds applied to the balance of the amount due under the note. After the sale, Wells Fargo amended its petition to seek deficiency damages of $12,530.07 on breach of contract and sworn account theories.

In June 2012, Wells Fargo moved for summary judgment on its claims against Espinoza, claiming that it was entitled to judgment on its claims as a matter of law, that appellant had failed to file a verified denial of its suit on a sworn account, and that it had presented prima facie proof of its sworn account. *See* Tex. R. Civ. P. 166a(c), 185. Wells Fargo also moved for a no-evidence

3

summary judgment on Espinoza's counterclaim, claiming that he could not obtain relief for wrongful sequestration because the trial court had refused to dissolve the writ. *See* Tex. R. Civ. P. 166a(i).

The trial court held a hearing on Wells Fargo's motions for summary judgment in July 2012. On August 15, 2012, the trial court granted Wells Fargo's traditional summary judgment on its claims against Espinoza, awarding it damages of $12,530.07. But the trial judge did not rule on Wells Fargo's no-evidence motion for summary judgment as to Espinoza's counterclaims. Nevertheless, Wells Fargo moved for a "final" summary judgment and sought an award of attorney's fees.

On December 12, 2012, the trial court granted Wells Fargo's no-evidence motion for summary judgment as to Espinoza's counterclaim. On March 4, 2013, the trial court signed a final judgment, incorporating the prior summary judgments and awarding Wells Fargo "reasonable and necessary" attorney's fees of $12,025.00, plus costs of court.

**Propriety of Traditional Summary Judgment for Wells Fargo**

In his first issue, Espinoza challenges the summary judgment awarding deficiency damages to Wells Fargo. His primary argument is that Wells Fargo did not prove that it was the rightful owner of the note and that the note was properly assigned to it.

4

**Summary Judgment Evidence**

Wells Fargo attached two affidavits to its traditional motion: one from Emily Torrez, a legal process specialist for "Wells Fargo Bank, N.A., d/b/a Wells Fargo Dealer Services f/k/a Wells Fargo Dealer Services, Inc., f/k/a Wachovia Dealer Services, Inc., and f/k/a WFS Financial Inc. ('Wells Fargo')," and one from its attorney.

Torrez averred that she is a custodian of records for Wells Fargo and that her duties and responsibilities in her position include "the handling and management of various accounts and contracts, including the account and contract made the basis of this lawsuit." She averred that Wells Fargo was the current owner and holder of the note and that the note was transferred to Wells Fargo through a series of name changes and mergers.

Torrez further averred that the principal amount of the note was $32,076.40 and that the note contained a security agreement giving Vandergriff a security interest in the truck, which she identified by the VIN, that Wells Fargo obtained the security interest by way of assignment, and that it possessed the original certificate of title for the truck, a copy of which was attached.

Torrez averred that (1) Espinoza defaulted on the June 20, 2009 payment and all subsequent payments and (2) Wells Fargo made demand as required in the contract, notified appellant of its intent to accelerate the debt, and gave Espinoza a reasonable opportunity to pay. After Espinoza did not make any

5

additional payments, Wells Fargo accelerated the debt, recovered possession of the truck, and sold the truck "after providing all required notices" to Espinoza.

Torrez finally averred that the net sales proceeds were offset against the contract's balance and that the remainder was $12,530.07. She also averred that Wells Fargo had agreed to pay its counsel reasonable and necessary attorney's fees. Also attached to the motion for summary judgment was a copy of the note; although the copy provided to this court is barely legible, WFS Financial is listed as the contact for credit matters. WFS Financial is also listed as the lender on the certificate of title attached to the motion for summary judgment.

Wells Fargo's attorney also attached an affidavit averring that he was familiar with reasonable and necessary attorney's fees normally charged in Tarrant County for this type of claim, that he had experience practicing in this subject matter and region, and that he believed $185 per hour is a reasonable rate for the services provided. He also described in great detail the work performed and opined that all of that work totaled $11,100 in attorney's fees for work performed in the trial court.

**Analysis**

Wells Fargo presented uncontroverted affidavit testimony that it was the holder of the note through name change, merger, and assignment. This is sufficient proof of its entitlement to sue for a deficiency under the note. *See Robeson v. Mortg. Elec. Registration Sys.,* No. 02-10-00227-CV, 2012 WL

42965, at \*5 (Tex. App.—Fort Worth Jan. 5, 2012, pet. denied) (mem. op.); *Caprock Inv. Corp. v. FDIC*, 17 S.W.3d 707, 711 (Tex. App.—Eastland 2000, pet. denied); *Christian v. Univ. Fed. Sav. Ass'n*, 792 S.W.2d 533, 534 (Tex. App.—Houston [1st Dist.] 1990, no writ) (citing *Zarges v. Bevan*, 652 S.W.2d 368, 369 (Tex. 1983) (op. on reh'g)). Additionally, although Espinoza contends that Torrez's affidavit is based on hearsay rather than personal knowledge, Torrez explained her relationship to Wells Fargo and averred that her duties as a records custodian included the handling and management of this particular note. This is sufficient to show her personal knowledge of the transaction. *See Energico Prod., Inc. v. Frost Nat'l Bank*, No. 02-11-00148-CV, 2012 WL 254093, at \*6 (Tex. App.—Fort Worth Jan. 26, 2012, pets. denied) (mem. op.). Thus, in accordance with the applicable standard of review, we conclude and hold that the trial court did not err by granting summary judgment for Wells Fargo.[3] *See, e.g.*, *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We overrule Espinoza's first issue.

### Motions to Dissolve Writ of Sequestration

In his second issue, Espinoza contends that the trial court erred by refusing to dissolve the writ of sequestration that it had issued for the truck.

---

[3]Espinoza also states in his brief that the judgment is excessive; however, he provides no argument or authority explaining why or in what respect the judgment is excessive. *See* Tex. R. App. P. 38.1(i) (requiring that brief contain a clear and concise argument for each contention, along with citations to authority and the record). However, the uncontroverted summary judgment evidence proves Wells Fargo's entitlement to the amount of damages sought.

7

According to Espinoza, Wells Fargo failed to prove the specific facts alleged in its motion for sequestration and the grounds for issuance of the writ.

After we informed Espinoza that a reporter's record had not been designated or filed and gave him an opportunity to designate and pay for the record, he failed to do so. Accordingly, we presume the reporter's record of the hearing on his motions to dismiss supports the trial court's ruling. *See* Tex. R. App. P. 37.3(c); *Canada v. Canada*, No. 02-11-00483-CV, 2013 WL 1759894, at *8 & n.5 (Tex. App.—Fort Worth Apr. 25, 2013, no pet.) (mem. op.). Moreover, even if the trial court had erred by denying his motion to dissolve the writ, the error would not be reversible. Espinoza has not challenged the order allowing Wells Fargo to sell the truck, and even if the truck had been returned to him, Wells Fargo proved its claim that it was entitled to judgment on the note. We therefore overrule his second issue.

**Motion to Dismiss Under Chapter 27 of Civil Practice and Remedies Code**

In his third issue, Espinoza contends that the trial court erred by failing to hold a hearing on his motion to dismiss, in which he claimed that Wells Fargo's claims amounted to malicious prosecution. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a) (West Supp. 2013) (allowing defendant to move for dismissal of claim that "is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association"). But Espinoza did not file the motion until over a year after making an appearance in the action, and he did not seek leave of the trial court to file it. *Id.* § 27.003(b) (providing that

8

motion to dismiss under chapter 27 must be filed not later than the sixtieth day after the date the suit was served but that the court may extend the time to file a motion on a showing of good cause).  Moreover, Espinoza argues in his brief that he should have had a hearing on the issue of whether Wells Fargo actually owned the note; this is not the proper subject of a chapter 27 motion to dismiss. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a); *see also In re Lipsky*, No. 02-12-00348-CV, 2013 WL 1715459, at *5 (Tex. App.—Fort Worth Apr. 22, 2013, orig. proceeding) (holding that section 27.004 applies only to the setting, not the completion, of a hearing).  Accordingly, we overrule Espinoza's third issue.

## Findings of Fact and Conclusions of Law

In his fourth issue, Espinoza argues that the trial court erred by failing to file findings of fact and conclusions of law.  Assuming Espinoza timely and properly requested findings of fact and conclusions of law, *see* Tex. R. Civ. P. 296–98, the trial court is not required to file findings of fact and conclusions of law in a summary judgment proceeding.  *See Smith v. Hutson*, 251 S.W.3d 808, 821 (Tex. App.—Fort Worth 2008, pet. denied).  We overrule his fourth issue.

**Conclusion**

Having overruled Espinoza's issues, we affirm the trial court's judgment.[4]

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

DELIVERED:  November 14, 2013

---

[4]We deny Espinoza's postsubmission motion for attorney's fees.