**MONTGOMERY FIRST CORP. and Elton Montgomery, Appellants,**

v.

**CAPROCK INVESTMENT CORP., Appellee.**

No. 11–01–00194–CV.

Court of Appeals of Texas, Eastland.

Sept. 26, 2002.

Andrew D. Sims, Russell Barton, Harris, Finley & Bogle, Fort Worth, for appellants.

D. Patrick Long, Jennifer Keefe, Patton Boggs, L.L.P., Dallas, J. Randal Brown, Nishita S. Shah, Patton Boggs, L.L.P., Dallas, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

TERRY McCALL, Justice.

In this suit on a note, the trial court granted Caprock Investment Corp.'s motion for summary judgment and entered a final judgment in favor of "Caprock Investments, Inc." against Montgomery First Corp. (MFC), Elton Montgomery (Montgomery), and Vernon Stevens.[1] Stevens did not appeal. MFC and Montgomery assert that the trial court erred in rendering summary judgment against them. Because res judicata bars Caprock Investment Corp.'s claims against MFC and because Caprock Investment Corp. also failed to meet its summary judgment burden, we reverse the final judgment and remand this cause to the trial court for further proceedings.

### Background Facts

This is the second appeal in this case. See *Caprock Investment Corp. v. Federal Deposit Insurance Corporation,* 17 S.W.3d 707 (Tex.App.-Eastland 2000, pet'n ref'd). On December 30, 1987, Montgomery, Al Jonietz, Vernon Stevens, Tom Griffin, and Charles L. Cook signed a promissory note (the Note) in the amount of $180,000.00 payable to the Texas Bank & Trust Co. (TB & T) in Sweetwater, Texas. They defaulted on the Note, and TB & T filed suit. In its original petition, TB & T named Jonietz, Stevens, Griffin, and Cook as defendants but did not name Montgomery as a defendant. TB & T also named MFC as a defendant, even though MFC

---

1. The owner of the note in question and, therefore, the proper party plaintiff is Caprock Investment Corp. However, in a number of pleadings and documents, including its latest petition in this case, Caprock Investment Corp. has mistakenly named itself Caprock Investments, Inc. This mistake and the failure to correct it in the trial court has caused much confusion, including the entry of judgment in the name of Caprock Investments, Inc.

did not sign the note. TB & T properly served the defendants. None of the defendants answered at that time, and TB & T obtained a default judgment against the defendants. However, unknown to TB & T, Jonietz had filed for bankruptcy. Jonietz, relying on the bankruptcy stay, filed a motion to set aside the default judgment; and, on July 20, 1989, the trial court set aside the default judgment in its entirety. The trial court subsequently severed the claim against Jonietz from the suit.

On July 27, 1989, TB & T failed; and its assets, including the Note, were transferred to the Federal Deposit Insurance Corporation as Receiver (FDIC R). The FDIC R transferred the Note to the Federal Deposit Insurance Corporation (FDIC C). On April 17, 1990, MFC answered the suit. On March 17, 1992, MFC filed a counterclaim against TB & T, and Montgomery intervened in this suit, seeking a declaratory judgment as to the rights and legal status between TB & T, its receivers, MFC, and Montgomery.

On April 21, 1992, the FDIC C sold the Note to Caprock Investment Corp. On July 10, 1992, Caprock Investment Corp. filed a notice of substitution of party but mistakenly identified itself as Caprock Investments, Inc. in the notice. On July 17, 1992, Caprock Investment Corp. filed a "Plaintiff's First Amended Petition" to substitute itself for its predecessors, the FDIC and TB & T. Again, Caprock Investment Corp. mistakenly referred to itself as Caprock Investments, Inc. In the first amended petition, Caprock Investment Corp. alleged claims against LEOH Management Co., MFC, Montgomery, Charles L. Cook, Tom Griffin, and Vernon Stevens.

Although Caprock Investment Corp. continued to file pleadings and motions in the name of Caprock Investments, Inc., it became clear that Caprock Investment Corp. was the owner of the Note and the correct name of the plaintiff. On July 19, 1993, Caprock Investment Corp., again in the name of Caprock Investments, Inc., filed another motion for substitution as plaintiff. As an exhibit to its motion, Caprock Investment Corp. attached a copy of the Loan Sale Agreement between the FDIC and Caprock Investment Corp., as well as a copy of the Transfer of Liens and Security Interests in the Note. These documents established that the FDIC sold the Note to Caprock Investment Corp.

MFC and Montgomery both opposed Caprock Investment Corp.'s intervention as the plaintiff. They argued that Caprock Investment Corp. had failed to produce documentary evidence showing that the FDIC R had transferred the Note to the FDIC C. Without such proof, MFC and Montgomery argued that Caprock Investment Corp. could not prove the ownership chain of the Note or that it had the right to intervene as the plaintiff.

Montgomery, Stevens, Caprock Investment Corp., and FDIC R all filed motions for summary judgment. On February 28, 1994, the trial court entered separate orders: (1) denying Caprock Investments, Inc.'s substitution as plaintiff, (2) striking Caprock Investments, Inc.'s motion for summary judgment, (3) denying the FDIC R's motion for summary judgment, (4) granting Montgomery's motion for summary judgment, and (5) granting Stevens' motion for summary judgment. On October 18, 1996, MFC filed a motion for summary judgment. On December 9, 1996, the trial court entered an order granting MFC's motion for summary judgment.

After the trial court struck Caprock Investment Corp. as the substituted plaintiff, Caprock Investment Corp. did file motions and documents in the trial court using the correct name, Caprock Investment Corp., including a second motion for reconsideration of the order striking its substitution as

the party plaintiff and a motion for new trial. The trial court denied the second motion for reconsideration. The trial court did not rule on the motion for new trial, and the motion was overruled by operation of law.

Caprock Investment Corp. then appealed to this court and used its correct name in its certificate of deposit of cash in lieu of cost bond and in its request to the clerk for a transcript. Thus, Caprock Investment Corp. was the party appellant before this court in the first appeal, and the style of the first appeal was Caprock Investment Corp. v. Federal Deposit Insurance Corporation.[2] However, for some reason, Caprock Investment Corp. again mistakenly named itself Caprock Investments, Inc. in its appellant's brief. Caprock Investment Corp. raised twelve points of error in the first appeal. In its first five points, Caprock Investment Corp. complained that the trial court erred in striking its intervention and pleadings. In its points of error six through eleven, it asserted that the trial court erred in granting Montgomery's and Stevens' motions for summary judgment. In its twelfth issue, it complained that the trial court erred in failing to grant the FDIC R's motion for summary judgment. Caprock Investment Corp. did not raise a point of error complaining of the granting of MFC's summary judgment, nor did it address MFC's summary judgment in its brief. We sustained points 1 through 5 because the trial court had abused its discretion in denying Caprock Investment Corp.'s intervention, and we also sustained points 6 through 11 because the trial court had erred in granting summary judgment to Montgomery and Stevens. We overruled point 12. We reversed and remanded the cause for further proceedings. See Caprock Investment Corp. v. Federal Deposit Insurance Corporation, supra.

■ After remand, Caprock Investment Corp. did not amend its pleadings to correct the error in its name but instead continued to rely upon the 8 year old first amended petition.[3] MFC filed a motion asserting that, because Caprock Investment Corp. had failed to appeal from MFC's summary judgment, the trial court should dismiss it from the suit. The trial court granted the motion and dismissed MFC from the suit. Caprock Investment Corp. filed a motion and a supplemental motion to set aside the dismissal. Before Caprock Investment Corp. obtained a rul-

---

**2.** Caprock Investment Corp.'s appeal was premature because the trial court had not disposed of the causes of action against Cook, Griffin, and LEOH Management Co. Consequently, we abated the appeal. After the abatement, the trial court severed the actions against Cook, Griffin, and LEOH Management Co., and the appeal was reinstated.

**3.** When Caprock Investment Corp. amends its petition to correct the party name after this remand, its amended petition will relate back to the date that TB & T filed its original petition. See TEX. CIV. PRAC. & REM. CODE ANN. § 16.068 (Vernon 1997). Caprock Investment Corp. is a successor in interest to TB & T and the FDIC. Caprock Investment Corp. mistakenly misnamed itself in its First Amended Petition. We need not decide whether Caprock Investment Corp.'s mistake was a "misnomer" or a "misidentification." If a plaintiff misnames itself in a timely filed petition and corrects the "misnomer" in a later pleading, the later pleading relates back to the date of the earlier filing, and limitations will not bar the suit. See *Foust v. Estate of Walters*, 21 S.W.3d 495 (Tex.App.-San Antonio 2000, pet'n den'd); *Pierson v. SMS Financial II, L.L.C.*, 959 S.W.2d 343, 347 (Tex.App.-Texarkana 1998, no pet'n). Even if Caprock Investment Corp.'s mistake is considered a "misidentification," a subsequent amendment to correct its mistake would relate back to the date of TB & T's petition, and limitations would not bar a subsequent amendment to correct its name. See *Pierson v. SMS Financial II, L.L.C.*, supra at 347.

ing on its motion to set aside the dismissal, it filed a motion for summary judgment in its correct name against MFC, Montgomery, and Stevens. In the motion, Caprock Investment Corp. asserted that MFC, Montgomery, and Stevens were co-makers on the Note and, as a matter of law, liable on the Note. On the day of the summary judgment hearing, the trial court entered an order finding that Caprock Investment Corp.'s motion to set aside MFC's dismissal should be granted. Two days later, the trial court entered an order finding that Caprock Investment Corp.'s motion for summary judgment should be granted; but, later, the trial court entered its final judgment in favor of "Caprock Investments, Inc." against MFC, Montgomery, and Stevens. In the final judgment, the trial court awarded the following: principal in the sum of $154,349.16; prejudgment interest through February 16, 2001, in the sum of $243,087.90; prejudgment interest at the rate of 10.5 percent per annum from February 17, 2001, until the final judgment was entered; attorney's fees and expenses in the sum of $95,559.93 and the further sum of $10,000.00 in the event that MFC, Montgomery, and Stevens filed an appeal; and post-judgment interest at the rate of 10 percent per annum. MFC and Montgomery appealed the final judgment to this court; Stevens did not appeal.[4]

## Issues Presented in this Appeal

MFC and Montgomery present eleven issues for review. We need only address three issues. In their second issue, MFC and Montgomery complain that the trial court erred by setting aside the order of dismissal and rendering summary judgment against MFC. In their third issue, they complain that the trial court erred by rendering summary judgment against them. In their eighth issue, they complain that the trial court erred in rendering summary judgment because there are fact issues regarding the amount due on the Note.

## Standard of Review

This case involves a traditional motion for summary judgment; it does not involve a no-evidence motion for summary judgment. When reviewing a traditional motion for summary judgment, the following standards apply: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-

4. After MFC and Montgomery filed this appeal, Caprock Investment Corp. moved for two judgments nunc pro tunc to change the name of the prevailing party in the final judgment from Caprock Investments, Inc. to Caprock Investment Corp. The trial court granted both motions and entered two judgments nunc pro tunc. In response, MFC and Montgomery filed two mandamus actions in this court asserting, among other issues, that the trial court improperly changed the party name because the change corrected a judicial error. Caprock Investment Corp. responded that the trial court properly changed the party name because the change only corrected a clerical error. Montgomery and MFC also appealed from the second judgment nunc pro tunc. Both mandamus actions and the appeal from the second judgment nunc pro tunc are still pending. Our reversal of the trial court's final judgment in this appeal renders the final judgment nonexistent; and, under this circumstance, there can be no judgment nunc pro tunc or amendment or correction of the final judgment. See *King v. Cash*, 174 S.W.2d 503, 504 (Tex.Civ.App.-Eastland 1943, no writ). A separate opinion to this effect in the mandamus actions and the appeal from the second judgment nunc pro tunc is entered this day.

movant and any doubts resolved in its favor. TEX.R.CIV.P. 166a; *Goswami v. Metropolitan Savings and Loan Association,* 751 S.W.2d 487, 491 (Tex.1988); *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546, 548–49 (Tex. 1985); *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 676 (Tex.1979).

A trial court should grant a motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Rule 166a(c); *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991). Once the movant establishes a right to summary judgment, the non-movant must come forward with evidence or law that precludes summary judgment. *City of Houston v. Clear Creek Basin Authority, supra* at 678–79. If the movant fails to establish a right to summary judgment, the non-movant is not required to come forward with anything to defeat the motion for summary judgment. *City of Houston v. Clear Creek Basin Authority, supra* at 678–79. When an appellant challenges the propriety of a summary judgment on specific grounds, the appellate court may only consider those grounds. *Malooly Brothers, Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970). But where an appellant challenges the propriety of the summary judgment on the broad ground that the trial court erred in granting summary judgment, as in Montgomery's and MFC's third issue, the appellate court is allowed to review all possible grounds of trial court error and all reasons why the summary judgment should have been denied. *Star-Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex. 1995); *Malooly Brothers, Inc. v. Napier, supra* at 121.

### Res Judicata

MFC and Montgomery assert that, although the trial court signed an order on February 5, 2001, reciting in part that Caprock Investment Corp.'s motion to set aside MFC's dismissal should be granted, there is no order granting the motion. It does appear from the record that the trial court did not reinstate MFC as a party before the trial court entered summary judgment against it. There is, however, a more substantive reason for reversing the summary judgment against MFC.

■■■ MFC argues, and we hold, that res judicata bars Caprock Investment Corp.'s claims against MFC. "Res judicata precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action." *Amstadt v. United States Brass Corporation,* 919 S.W.2d 644, 652 (Tex.1996); citing *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 628 (Tex.1992). Res judicata requires proof of three elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action. *Amstadt v. United States Brass Corporation, supra* at 652.

■■■ In its first appeal in this case, Caprock Investment Corp. did not challenge the summary judgment in favor of MFC. Caprock Investment Corp. raised points of error complaining of Montgomery's and Stevens' summary judgments, but it did not assign any error to MFC's summary judgment. See *Caprock Investment Corp. v. Federal Deposit Insurance Corporation, supra* at 711–12. An appellate court cannot reverse a trial court's judgment absent properly assigned error. *Pat Baker Company, Inc. v. Wilson,* 971 S.W.2d 447, 450 (Tex.1998); *Walling v. Metcalfe,* 863

S.W.2d 56, 58 (Tex.1993). Because Caprock Investment Corp. did not appeal from MFC's summary judgment, the summary judgment is a final judgment on the merits and res judicata. *Pines of Westbury, Ltd. v. Paul Michael Construction, Inc.*, 993 S.W.2d 291, 294 (Tex.App.-Eastland 1999, pet'n den'd).

■ The trial court entered MFC's summary judgment after it struck Caprock Investment Corp.'s intervention. Res judicata bars Caprock Investment Corp.'s claims against MFC, whether or not Caprock Investment Corp. was a party to MFC's summary judgment, because Caprock Investment Corp. was in privity with the FDIC. For res judicata purposes, a party can be in privity with another party if the party is a successor in interest to the other party, deriving its claims through the other party. *See Amstadt v. United States Brass Corporation*, supra at 652. Caprock Investment Corp. was the successor in interest to the FDIC and derived its claims under the Note from the FDIC. Under these facts, Caprock Investment Corp. was in privity with the FDIC.

Because res judicata bars Caprock Investment Corp.'s claims against MFC, the trial court erred in setting aside MFC's dismissal and rendering summary judgment against MFC. We sustain Montgomery's and MFC's second issue.

### *Caprock Investment Corp. Failed to Prove the Amount Due on the Note*

■ As the summary judgment movant, Caprock Investment Corp.'s summary judgment burden under its only theory of liability was to establish four elements as a matter of law: (1) the existence of the Note; (2) that MFC and Montgomery signed the Note; (3) that it is the legal owner and holder of the Note; and (4) that a certain balance is due and owing on the Note. See *Edlund v. Bounds*, 842 S.W.2d 719, 724 (Tex.App.-Dallas 1992, writ den'd); *Clark v. Dedina*, 658 S.W.2d 293, 295 (Tex.App.-Houston [1st Dist.] 1983, writ dism'd). MFC and Montgomery assert that Caprock Investment Corp. failed to establish the fourth element of its claim against them: the amount due and owing on the Note.

■ Caprock Investment Corp. offered the affidavit of Craig Bryan in support of its claim that the outstanding balance due on the Note was $395,394.60, including principal of $154,349.16 and interest of $241,045.44. The Note provided for a variable interest rate, with an initial interest rate of 10.75 percent per year and a future interest rate of 1 percent over the TB & T base rate. Bryan's affidavit does not establish the interest rate that he used to calculate the claimed balance due. Bryan apparently based his affidavit testimony on a chart that was attached to his affidavit, but the affidavit makes no reference to the chart. He apparently used the interest rates that are set forth under a column entitled "TB & T Rate" in the chart. There is no explanation as to why Bryan used the interest rates that he did or why he may have used the "TB & T Rate." TB & T failed in 1989. After it failed, there was no "TB & T Rate."

■ When a variable interest rate in a note is tied to a failed bank's prime or base rate, "the trier of fact should apply a 'reasonable' rate of interest, considering the facts of each case." *Bailey, Vaught, Robertson and Company v. Remington Investments, Inc.*, 888 S.W.2d 860, 866 (Tex. App.-Dallas 1994, no writ); see also *Commercial Services of Perry, Inc. v. Wooldridge*, 968 S.W.2d 560, 564 (Tex.App.-Fort Worth 1998, no pet'n). In *Bailey*, the court explained:

The trier of fact should determine what rate of interest is reasonable....In this case, there is no summary judgment evidence regarding a reasonable rate of interest as a substitute for the interest rate stated in the note. Reasonableness is generally a fact question....Because there is no summary-judgment evidence establishing the applicable prematurity rate of interest as a matter of law, Remington failed in its summary-judgment burden to establish the amount due on the note.

*Bailey, Vaught, Robertson and Company v. Remington Investments, Inc.,* supra at 866–67. Caprock Investment Corp. likewise failed to establish an applicable interest rate as a matter of law and, therefore, failed in its summary judgment burden to establish the amount due on the Note.

We sustain MFC's and Montgomery's third and eighth issues. Because Caprock Investment Corp. failed to meet its summary judgment burden, MFC and Montgomery did not have the burden to come forward with any evidence to defeat the motion for summary judgment. Therefore, we do not address MFC's and Montgomery's other issues.

### This Court's Ruling

We reverse the judgment of the trial court and remand this cause for further proceedings.