Opinion filed November 17, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed November 17, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00097-CV 

 

                                                    __________

 

                          CAPROCK 
INVESTMENT CORP., Appellant

 

                                                             V.

 

    MONTGOMERY
FIRST CORP. AND ELTON MONTGOMERY, Appellees

 



 

                                          On
Appeal from the 29th District Court

 

                                                      Palo
Pinto County, Texas

 

                                                   Trial
Court Cause No. 39,500

 



 

                                              M
E M O R A N D U M  O P I N I O N

 








This case arises out of a dispute between Caprock
Investment Corp. (Caprock) and Montgomery First Corp. and Elton Montgomery (MFC
and Montgomery) concerning a promissory note.[1]  The trial court granted partial summary
judgment in favor of MFC and Montgomery. 
The trial court subsequently entered a final judgment, and Caprock
appealed.  We reverse and render judgment
for Caprock. 

In a lawsuit filed in Nolan County in 2001,
Caprock obtained summary judgment against MFC and Montgomery.  Caprock filed abstracts of this judgment in Palo
Pinto and Young Counties.  This court,
however, reversed the summary judgment and remanded the case for further
proceedings. Montgomery First Corp. v. Caprock Investment Corp., 89
S.W.3d 179, 187 (Tex.App. - Eastland 2002, no pet=n).  As a result of this court=s decision, Caprock released the
judgment liens that it had filed against MFC and Montgomery.

MFC and Montgomery were not satisfied with the
language that Caprock used in its releases and demanded that Caprock amend
them.  On December 9, 2002, MFC and
Montgomery filed this suit for declaratory judgment seeking to remove cloud on
title to their property.  On the same
day, Caprock filed amended releases.  On
December 20, 2002, still not satisfied with the language in the releases, MFC
and Montgomery made another demand that Caprock unconditionally and
unequivocally release the judgment liens. 
On March 10, 2003, Caprock again filed amended releases.  MFC and Montgomery found the language in
these final releases to be satisfactory.

Caprock=s
final releases did not, however, end the present lawsuit.  On May 9, 2003, MFC and Montgomery filed
their First Amended Motion for Partial Summary Judgment.  In their motion, MFC and Montgomery sought
declarations from the trial court that (1) Caprock=s
original releases and first amended releases were not unconditional and
unequivocal, (2) the lawsuit was necessary to compel Caprock to file the final
releases, and (3) MFC and Montgomery were entitled to recover the attorney=s fees incurred in obtaining the final
releases.

The trial court granted the motion, declaring that
Caprock=s
original and first amended releases were not unconditional and unequivocal and
that MFC and Montgomery were entitled to recover reasonable and necessary
attorney=s fees
incurred in obtaining unconditional and unequivocal releases.  Pursuant to a TEX.R.CIV.P. 11 agreement, the
parties stipulated to the amount of reasonable and necessary attorney=s fees. 
On December 29, 2003, the trial court rendered final judgment against
Caprock.  This appeal followed.








In its first issue on appeal, Caprock argues that
the trial court should not have awarded attorney=s
fees to MFC and Montgomery because recovery of attorney=s
fees is not available in a suit to quiet title. 
We agree.

As a general rule, the burden of proof on attorney=s fees is on the party seeking to
recover them.  Stewart Title Guaranty
Company v. Sterling, 822 S.W.2d 1, 10 (Tex.1991).  To recover attorney=s
fees, a party must prove entitlement by contract or statute.  Holland v. Wal-Mart Stores, Inc., 1
S.W.3d 91, 95 (Tex.1999).  Because
recovery of attorney=s
fees is penal in nature, statutes providing for such recovery must be strictly
construed.  See Musquiz v. Marroquin,
124 S.W.3d 906, 913 (Tex.App. - Corpus Christi 2004, pet=n
den=d).  


MFC and Montgomery brought their lawsuit under the
Texas Declaratory Judgments Act, Chapter 37 of the Texas Civil Practice and
Remedies Code.  The statute provides
that, in any proceeding under the Act, Athe
court may award costs and reasonable and necessary attorney=s fees as are equitable and just.@ 
TEX. CIV. PRAC. & REM. CODE ANN. '
37.009 (Vernon 1997).   However, a
declaratory judgment action may not be used solely to obtain attorney=s fees that are not otherwise
authorized by statute or to settle disputes already pending before a
court.  Southwest Guaranty Trust Company
v. Hardy Road 13.4 Joint Venture, 981 S.W.2d 951, 956 (Tex.App. - Houston
[1st Dist.] 1998, pet=n
den=d).  
Attorney=s fees
are not available in a suit to quiet title or to remove cloud on title.  Southwest Guaranty Trust Company v. Hardy
Road 13.4 Joint Venture, supra at 957.








MFC and Montgomery brought this lawsuit against
Caprock because they were concerned that Caprock=s
initial releases would cloud title to their property. In their original
petition for declaratory judgment, MFC and Montgomery stated: AThe abstracts of judgment and the
notice of lis pendens which remain in effect in Palo Pinto and/or Young
Counties are wrongful and constitute encumbrances and clouds on the title of
MFC and Montgomery.@  Further, in their prayer for relief, MFC and
Montgomery asked the trial court to declare that Aany
and all notices of lis pendens and abstracts of judgment filed by Caprock...are
unauthorized, void, and constitute a cloud on the title of the real property of
Montgomery and MFC.@  Such language is indicative of a suit to
quiet title.  See, e.g., Sani
v. Powell, 153 S.W.3d 736 (Tex.App. - Dallas 2005, pet=n filed); Southwest Guaranty Trust
Company v. Hardy Road 13.4 Joint Venture, supra.  Recovery of attorney=s
fees is not allowed in such an action, whatever its form.  See Hawk v. E.K. Arledge, Inc., 107
S.W.3d 79, 84 (Tex.App. - Eastland 2003, pet=n
den=d). 
We sustain appellant=s
first issue on appeal.

We need not address Caprock=s
remaining issues on appeal which concern whether Caprock=s
initial and first-amended releases constituted a cloud on MFC and Montgomery=s title.  The final releases filed by Caprock supersede
the other releases, and MFC and Montgomery have stated that the final releases
are satisfactory.  The only remaining
controversy in this case is whether MFC and Montgomery were entitled to recover
their attorney=s
fees.  We hold that they were not.        The
judgment of the trial court is reversed, and we render judgment that MFC and
Montgomery take nothing in their suit for attorney=s
fees.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

November 17, 2005

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel consists of: Wright, C.J., and McCall, J.

Strange, J., not participating.











[1]The details of this dispute, which are not relevant to
this appeal, are discussed fully in Montgomery First Corp. v. Caprock Investment Corp., 89 S.W.3d 179, 181-84 (Tex.App. -
Eastland 2002, no pet=n).