Opinion filed May 27, 2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-08-00138-CV

                                                    __________

 

                        CAPROCK
INVESTMENT CORP., Appellant

 

                                                             V.

 

                                ELTON
MONTGOMERY, Appellee



 

                                   On
Appeal from the 32nd District Court

 

                                                            Nolan
County, Texas

 

                                                     Trial
Court Cause No. 16,785

 



 

                                                                  O
P I N I O N

 

            This
case involves a promissory note signed by Elton Montgomery and others no longer
involved in the suit.  The original petition in this case was filed in 1989,
and this is the fourth appeal.[1]
 The note is owned by Caprock Investment Corp.  In its sixth amended petition, Caprock
alleged both fraud and breach of contract causes of action against Montgomery. 
Both parties moved for summary judgment.  The trial court granted Montgomery’s
motion, denied Caprock’s motion, and entered a take-nothing summary judgment. 
We reverse in part and affirm in part.  

I.  Issues

            Caprock
presents two issues for review.  In these issues, Caprock argues that the trial
court erred in granting Montgomery’s motion for summary judgment and in denying
Caprock’s.  Montgomery moved for summary judgment on the bases that res
judicata barred Caprock’s claim for breach of the note, that collateral estoppel
barred Caprock’s claim for breach of the note, that the note had been satisfied
by the bankruptcy of a cosigner (Al Jonietz),[2]
and that there was no evidence to support various elements of Caprock’s fraud
claim.  The trial court granted Montgomery’s motion in its entirety.  Caprock moved
for summary judgment on its breach of contract cause of action for the amount
due under the note and also on Montgomery’s counterclaims.  

            We
review summary judgments de novo.  Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005).  When both sides move for summary judgment on the
same issue and the trial court grants one motion and denies the other, the
appellate court considers the summary judgment evidence presented by both
sides, determines all questions presented, and may render the judgment the
trial court should have rendered on that issue.  Id.  In this case, both
parties moved for summary judgment on breach of contract claims.  

II. 
Montgomery’s Motion

            A. 
Promissory Note – Defenses.

            With
respect to the affirmative defenses urged by Montgomery in his motion,
Montgomery had the burden to establish his right to summary judgment by
conclusively proving each element of any of the defenses as a matter of law.  See
Tex. R. Civ. P. 166a(c); Havlen
v. McDougall, 22 S.W.3d 343, 345 (Tex. 2000); Rhône-Poulenc, Inc. v.
Steel, 997 S.W.2d 217, 222-23 (Tex. 1999); Walker v. Harris, 924
S.W.2d 375, 377 (Tex. 1996).  A defendant moving for summary judgment on an
affirmative defense has the burden to conclusively establish that defense.  Rhône-Poulenc,
997 S.W.2d at 223.  On appeal, the movant bears the burden of showing that
there is no genuine issue of material fact and that the movant is entitled to
judgment as a matter of law.  Id.  

1.     
Res Judicata. 

Res
judicata bars the relitigation of claims that have been finally adjudicated or
that could have been litigated in the prior action.  Montgomery asserted in his
motion that he was entitled to summary judgment because res judicata barred
Caprock’s suit on the note.  Montgomery relied upon the judgments of the trial
court and the court of appeals in Caprock III, a suit filed by Caprock
against Montgomery First Corporation (MFC) in Young County, as the basis for
his res judicata defense.  To establish the defense of res judicata, Montgomery
must have proven each of these elements:  (1) a prior final judgment on the
merits by a court of competent jurisdiction; (2) identity of parties or those
in privity with them; and (3) a second action based on the same claims as were
raised or could have been raised in the first action.[3]
 Citizens Ins. Co. of Am. v. Daccach, 217 S.W.3d 430, 449 (Tex. 2007); Caprock
II, 89 S.W.3d at 185.  

After
this court’s decision in Caprock II and while this case was pending on
remand to the trial court in Nolan County, Caprock brought a separate suit
against MFC in Young County, seeking judicial foreclosure on the deeds of
trust, damages for breach of contract on the deeds of trust for failing to
maintain the oil and gas properties, and the excess due under the note.  Upon
motion by Montgomery, the trial court in Nolan County abated the present case
pending the final resolution of the Young County suit.  The district court in
the Young County suit entered a take-nothing summary judgment in favor of MFC
against Caprock based upon MFC’s defenses of res judicata, collateral estoppel,
and satisfaction of the note via the Jonietz bankruptcy.  The Fort Worth
Court of Appeals in Caprock III affirmed the Young County summary
judgment in favor of MFC on the ground of res judicata only:  the same
rationale used by this court to reverse the summary judgment against MFC in Caprock
II.

In
his motion for summary judgment in the present case, Montgomery relied upon the
Young County summary judgment and the decision of the Fort Worth Court of
Appeals in Caprock III as the basis for his entitlement to summary
judgment based upon res judicata.  With respect to the second element of res
judicata, Montgomery does not contend that he was a party to the Young County
suit, but he argues that he is a person in privity with a party because he is
the president of MFC, shares an identity of interests in the lawsuits, and is
the person who controlled the litigation in Young County.  We cannot agree that
Montgomery met his burden of establishing this element of res judicata as a
matter of law.  

There
is no general definition of privity that can be automatically applied in all
res judicata cases; the circumstances of each case must be examined.  Getty
Oil Co. v. Ins. Co. of N. Am., 845 S.W.2d 794, 800 (Tex. 1992).  Privity
exists if the parties share an identity of interests in the basic legal right
that is the subject of litigation.  Amstadt v. U.S. Brass Corp., 919
S.W.2d 644, 653 (Tex. 1996).  Those in privity with a party may include persons
who exert control over the action, persons whose interests are represented by
the party, or successors in interest to the party.  Getty Oil, 845
S.W.2d at 800-01.  

The
summary judgment evidence, the law of this case, and the prior assertions by
Montgomery lead us to conclude that res judicata does not bar the claims
against Montgomery.  The summary judgment evidence establishes that MFC and
others (but not Montgomery) acquired oil and gas leases with the money borrowed
from Caprock’s predecessor and that they executed deeds of trust to secure
payment of the note.  Montgomery signed the deeds of trust in his capacity as
president of MFC.  However, Montgomery signed the note in his individual
capacity.  Montgomery did not establish as a matter of law his privity with MFC
because the summary judgment evidence indicates that their interests may not be
identical in this litigation.  See Hammonds v. Holmes, 559 S.W.2d 345,
347 (Tex. 1977) (res judicata did not bar action against employee of defendant
in earlier suit where employee was sued in separate capacity in subsequent
suit).  

Moreover,
this court previously held, upon the urging of Montgomery and MFC in Caprock
II, that Caprock’s claims against MFC were barred by res judicata based
upon an earlier summary judgment in favor of MFC that constituted a final
judgment because Caprock had not challenged that summary judgment with respect
to MFC in Caprock I.  89 S.W.3d at 185-86.  In Caprock II, the
claims against Montgomery were thereby severed from those against MFC and were
remanded to the trial court for further proceedings.  89 S.W.3d at 185-87.  Having
previously asserted such a position of separateness of MFC and Montgomery,
which was relied upon by this court in Caprock II, Montgomery may not
now assert in this case that he is actually in privity with MFC.  See Brown
v. Lanier Worldwide, Inc., 124 S.W.3d 883, 905 (Tex. App.—Houston [14th
Dist.] 2004, no pet.) (judicial estoppel may prevent a party from asserting
defenses of res judicata or collateral estoppel); Goldman v. White Rose
Distrib. Co., 936 S.W.2d 393, 398 (Tex. App.—Fort Worth 1996), vacated
pursuant to settlement agreement, 949 S.W.2d 707 (Tex. 1997) (applying
judicial estoppel as a trump to defense of res judicata); see also Pleasant
Glade Assembly of God v. Schubert, 264 S.W.3d 1, 6 (Tex. 2008) (judicial
estoppel, which is actually a rule of procedure based on justice and sound
public policy, precludes a party from adopting a position inconsistent with one
that it maintained successfully in an earlier proceeding); Briscoe v.
Goodmark Corp., 102 S.W.3d 714, 716 (Tex. 2003) (law of the case doctrine);
Hudson v. Wakefield, 711 S.W.2d 628, 630 (Tex. 1986) (law of the case
doctrine); Long v. Knox, 291 S.W.2d 292 (Tex. 1956) (judicial estoppel). 
Because Montgomery did not establish his affirmative defense of res judicata as
a matter of law, the trial court erred in granting summary judgment in favor of
Montgomery on that basis.  

2.     
Collateral Estoppel and Satisfaction.

Montgomery
also asserted the defense of collateral estoppel, based upon the Young County
suit, in his motion for summary judgment.  Collateral estoppel, or issue
preclusion, bars the relitigation of an issue of fact or law that was actually
litigated, was determined by a valid and final judgment, and was essential to
the judgment.  Tex. Dep’t of Pub. Safety v. Petta, 44 S.W.3d 575, 579
(Tex. 2001); Eagle Props., Ltd. v. Scharbauer, 807 S.W.2d 714, 721 (Tex.
1990).  Collateral estoppel applies when the parties were adversaries in the
prior action and the party against whom collateral estoppel is asserted had a
full and fair opportunity to litigate the issue in the prior suit.  Petta,
44 S.W.3d at 579; Eagle Props., 807 S.W.2d at 721.

Montgomery
argued in his summary judgment that collateral estoppel constituted a bar in
this case because the issue regarding payment of the note was previously
decided by the district court in Young County, which held that the note had
been paid and satisfied by the Jonietz bankruptcy.  Caprock argues on appeal
that the only issue determined by a valid and final judgment with respect to
the Young County suit is that of res judicata as addressed by the court of
appeals.  We agree.  

The
general rule is that there cannot be estoppel by alternative holdings.  Johnson
& Higgins of Tex., Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 522
(Tex. 1998).  The supreme court has quoted with approval the following excerpt
from the Restatement (Second) of
Judgments § 27, cmt. i (1982):  “If a judgment of a court of first
instance is based on determinations of two issues, either of which standing
independently would be sufficient to support the result, the judgment is not
conclusive with respect to either issue standing alone.”  Id. at 522; Eagle
Props., 807 S.W.2d at 722.  The district court in Young County made three
separate and independent determinations that would support its judgment.  Thus,
the alternative holdings in the judgment of the district court in Young County are
not conclusive for purposes of collateral estoppel.  

Via
the judgment of the Fort Worth Court of Appeals, the Young County suit became conclusive
as to res judicata only.  Comment “o” to Section 27 of the Restatement cited
above provides in relevant part that, when the judgment of a trial court is
based on a determination of two issues either of which would be independently
sufficient to support the judgment and the appellate court upholds one of these
determinations as sufficient and refuses to consider whether or not the other
is sufficient and accordingly affirms the judgment, the judgment is conclusive
only as to the first determination.  The supreme court relied upon a different
part of comment “o” for its ruling in Kenneco.  962 S.W.2d at 522
(alternative findings that are actually reviewed and affirmed by an appellate
court may have preclusive effect).  We hold that the judgments stemming from
the Young County suit were not conclusive as to the issue regarding payment or
satisfaction of the note by the Jonietz bankruptcy.

            With
respect to the collateral estoppel effect of the Jonietz bankruptcy on
Caprock’s claim against Montgomery, this court previously held in Caprock I
that “the discharge of a debtor’s obligation by operation of the Bankruptcy
Code does not discharge or affect in any way a co-maker’s liability on his
obligation” and that “the issue in the bankruptcy court was the discharge of
Jonietz’ liability on the note, not that of his comakers.”  17 S.W.3d at 712,
714.  Our previous holding constitutes the law of this case, and there is
nothing in the summary judgment evidence indicating that our previous ruling
was erroneous.  Caprock is not estopped by the Jonietz bankruptcy.  See
Quinney Elec., Inc. v. Kondos Entm’t, Inc., 988 S.W.2d 212 (Tex. 1999).[4] 
Neither the issue of the collateral’s value nor the issue of satisfaction of
the debt is barred by collateral estoppel in this suit against Montgomery to
collect on the note.  The trial court erred in granting Montgomery’s summary
judgment on the grounds of collateral estoppel and satisfaction.  

            B. 
Fraud. 

            Montgomery
also asserted in his motion for summary judgment that there was no evidence as
to various elements of Caprock’s claim for fraud, including the making of a misrepresentation
with knowledge of its falsity at the time it was made.  The elements of fraud
are (1) that a material representation was made; (2) the representation was
false; (3) when the representation was made, the speaker knew it was false or
made it recklessly without any knowledge of the truth and as a positive
assertion; (4) the speaker made the representation with the intent that the
other party should act upon it; (5) the party acted in reliance on the
representation; and (6) the party thereby suffered injury.  Aquaplex, Inc.
v. Rancho La Valencia, Inc., 297 S.W.3d 768, 774 (Tex. 2009).  In response to
Montgomery’s motion, Caprock presented no summary judgment evidence showing
that the representation regarding the value of the collateral as being $180,000
was false at the time of the representation or that Montgomery knew it was
false at that time.  Caprock’s summary judgment evidence merely indicated that
Montgomery was aware over fifteen months after he signed the promissory note
that “the specific properties pledged with the bank do not have enough value to
come anywhere close to equaling the liabilities to the bank.”  This is no
evidence of the collateral’s value at the time of the loan or of a
misrepresentation made by Montgomery at that time.  Caprock, therefore, failed
to present more than a scintilla of summary judgment evidence on these elements
of fraud in response to Montgomery’s no-evidence motion.  Consequently, the
trial court properly granted the motion on this basis.  Tex. R. Civ. P. 166a(i).  

            Caprock’s
first issue is sustained as to the grant of summary judgment in favor of
Montgomery on his defenses to liability on the promissory note; however, it is
overruled as to the grant of a take-nothing summary judgment in favor of
Montgomery on Caprock’s fraud claim.  

III. 
Caprock’s Motion 

            In
its second issue on appeal, Caprock argues that the trial court erred in
denying Caprock’s motion for summary judgment.  Caprock urged in its
traditional motion for summary judgment that it was entitled to summary
judgment on its breach of contract claim and that it was also entitled to
summary judgment on Montgomery’s counterclaims, which were “defensive”
counterclaims asserted for purposes of offset to negate any recovery by Caprock
on its suit on the note.  

            To
prevail on a breach of contract claim, a party must establish the following
elements: (1) the existence of a valid contract; (2) performance or tendered
performance by the plaintiff; (3) breach of the contract by the defendant; and
(4) damages to the plaintiff as a result of the defendant’s breach.  Eaves
v. Unifund CCR Partners, 301 S.W.3d 402, 407 (Tex. App.—El Paso 2009, no
pet.).  Caprock presented summary judgment evidence in support of these
elements.  In his response, Montgomery contended that Caprock was not entitled
to summary judgment for the following reasons:  res judicata, collateral
estoppel, satisfaction of the note via the Jonietz bankruptcy, fact issues as
to control and possession of the collateral, fact issues as to the amount due
on the note, and fact issues regarding Montgomery’s counterclaims.  As
addressed above, Montgomery’s assertions of res judicata, collateral estoppel,
and satisfaction via the Jonietz bankruptcy fail as a matter of law. 
Montgomery does not otherwise contest the elements of breach of the promissory
note establishing his liability, but he does contest the amount owed.  The
summary judgment evidence shows the existence of a valid promissory note signed
by Montgomery, performance by Caprock’s predecessor, and breach by Montgomery. 
The summary judgment evidence is disputed as to the amount actually owed, the
reasonableness of the substituted interest rate, the amount of setoff (if any)
available for the alleged mismanagement and waste of the collateral by Caprock
and its predecessors, and attorney’s fees.  The summary judgment evidence
established that, except as to the amount of damages, no genuine issue of material
fact existed on Caprock’s claim for breach of contract.  Thus, the trial court
should have entered summary judgment in favor of Caprock as to Montgomery’s
liability for breach of contract but not the amount of damages.  Rule 166a(c)
provides in part:  “The judgment sought shall be rendered forthwith if [the
summary judgment evidence, pleadings, motions, and responses] show that, except
as to the amount of damages, there is no genuine issue as to any material
fact and the moving party is entitled to judgment as a matter of law” (emphasis
added).  Caprock’s second issue is sustained with respect to the trial court’s
failure to grant its summary judgment motion regarding liability and is
otherwise overruled.  

            The
judgment of the trial court is affirmed as to the take-nothing judgment
rendered against Caprock on its claim for fraud.  The judgment of the trial
court is otherwise reversed.  Because both parties moved for summary judgment
on the breach of contract claim, we render judgment that Montgomery is liable
for breach of the promissory note and that Caprock’s claim for breach of the
note is not barred by res judicata, collateral estoppel, or satisfaction. 
Because issues of fact exist regarding damages -- the amount still due and
owing under the note, the amount of any offset that Montgomery may be entitled
to, and attorney’s fees -- we remand the cause to the trial court for a
determination of these issues.  

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

May 27, 2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]See Caprock Investment Corp. v. FDIC, 17 S.W.3d 707 (Tex. App.—Eastland 2000, pet. denied)
(Caprock I); Montgomery First Corp. v. Caprock Investment Corp.,
89 S.W.3d 179 (Tex. App.—Eastland 2002, no pet.) (Caprock II); and Caprock
Investment Corp. v. Montgomery First Corp., No. 02-04-00155-CV, 2005 WL
3118787 (Tex. App.—Fort Worth Nov. 23, 2005, no pet.) (mem. op.) (Caprock
III), for more details regarding the parties and the history of this case. 





[2]We disagree with Montgomery’s contention that Caprock
waived this issue; Caprock addressed the issue in its brief in the argument
regarding collateral estoppel.  Furthermore, any failure by Caprock to address
the issue in its response to Montgomery’s motion for summary judgment did not
waive the issue because Montgomery had the burden to establish its defense as a
matter of law.  A nonmovant has no burden to respond unless the movant conclusively
establishes its cause of action or defense.  Rhône-Poulenc, Inc. v. Steel,
997 S.W.2d 217, 222-23 (Tex. 1999).  A nonmovant need not have answered or
responded to the motion in the trial court to contend on appeal that the
movant’s summary judgment proof is insufficient as a matter of law.  Id.
at 223. 





[3]We note that Caprock does not challenge the first
element or otherwise argue on appeal that the judgment from the Young County
suit or the Fort Worth Court of Appeals in Caprock III is not a prior
final judgment on the merits.  Accordingly, we do not address that issue.





[4]See also Restatement (Second) of Judgments §§
49, 50 (1982).  Section 49 provides that a judgment against one person liable
for a loss does not terminate a claim that the injured party may have against
another person who may be liable therefor.  Section 50 provides that a
satisfaction or release of judgment or other agreement terminating a judgment
debtor’s obligation does not discharge the liability of any other person liable
for the loss, unless otherwise agreed, except as to any amount actually
received by the judgment creditor.