Opinion filed July 8, 2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-08-00138-CV

                                                    __________

 

                        CAPROCK
INVESTMENT CORP., Appellant

                                                             V.

                                ELTON
MONTGOMERY, Appellee



 

                                   On
Appeal from the 32nd District Court

                                                            Nolan
County, Texas

                                                     Trial
Court Cause No. 16,785

 



 

                        O P I N I O N   O N   M O T I O
N   F O R   R E H E A R I N G

 

            Elton
Montgomery has filed in this court a motion for rehearing.  We deny that
motion, but write to clarify our previous opinion.  

            Montgomery
first contends that we erroneously held that Montgomery cannot raise the
defense of payment or seek credit for payments made.  Our opinion is not to be
construed to contain any such prohibition.  We held that Caprock was entitled
to judgment as a matter of law as to liability only and that Montgomery had not
established his affirmative defenses as a matter of law, but we remanded the
cause to the trial court for a determination of the factual issues related to
the amount of damages – including the amount owed on the note (if any) – which
necessarily allows for credits for any payments made on the note, whether made
by Montgomery or others.  We specifically recognized that Montgomery’s liability
would be discharged “as to any amount actually received” by Caprock and its
predecessors.  The amount actually received by Caprock and its
predecessors is a question of fact for the trier of fact to determine on remand. 


            Next,
Montgomery asserts that this court “has misconstrued” his argument concerning
collateral estoppel and that his argument is not based upon Jonietz’s discharge
in bankruptcy but upon the 1996 summary judgment in favor of MFC, in which it
was determined that Caprock had been paid in full by Jonietz pursuant to his
bankruptcy.  We do not believe that we misconstrued Montgomery’s argument.  In
his brief, Montgomery asserted that “he is not liable on the Note because it
has been satisfied pursuant to the credit on the Note resulting from the
surrender of collateral valued in excess of the debt in Jonietz’s bankruptcy”
and that the “Young County Judgment conclusively proves that the Suit on the
Note is barred by collateral estoppel” because it “directly addressed the issue
of whether the Note was paid and fully satisfied as a result of the Jonietz
bankruptcy.”  Furthermore, in his motion for summary judgment, Montgomery
specifically asserted the following:

·        
“The Summary Judgment in favor of MFC in Young County has
preclusive effect against Caprock’s Suit on the Note.”

·        
“The Young County summary judgment is a final judgment on the
merits that bars relitigation in the Nolan County Suit.”

·        
“It has been judicially determined that the Note has been paid. .
. .  The Young County Judgment conclusively proves that the Suit on the Note is
barred by collateral estoppel.”

·        
“[T]he Young County court directly addressed the issue of whether
the Note was paid and fully satisfied as a result of the Jonietz bankruptcy. .
. .  [T]he Young County court held that ‘the note at issue in this proceeding
was fully paid and satisfied as a result of the bankruptcy proceeding of Albert
Jonietz.’”

Nowhere in his
motion for summary judgment did Montgomery argue that the 1996 summary judgment
in favor of MFC entitled Montgomery to summary judgment based upon collateral
estoppel.  

            Moreover,
in response to the current argument, the 1996 summary judgment in favor of MFC
does not collaterally estop Caprock from seeking payment on the note from
Montgomery.  This court previously reversed a summary judgment that was granted
in favor of Montgomery and was based upon the same ground as MFC’s 1996 summary
judgment. 17 S.W.3d 707.  Both summary judgments are earlier proceedings in
this case.  Because the 1996 summary judgment in favor of MFC is not a final
judgment from “a separate lawsuit,” the doctrines of res judicata and
collateral estoppel do not apply.  Creative Thinking Sources, Inc. v.
Creative Thinking, Inc., 74 S.W.3d 504, 512 (Tex. App.—Corpus Christi 2002,
no pet.).

The
issue upon which MFC moved for, and was granted, summary judgment was
determined adversely to Montgomery by this court in Caprock I.  The “law
of the case” doctrine mandates that the ruling of an appellate court on a
question of law raised on appeal will govern throughout the subsequent
proceedings of the same case unless clearly erroneous.  Briscoe v. Goodmark
Corp., 102 S.W.3d 714, 716 (Tex. 2003).  The law of this case as determined
in Caprock I is that the Jonietz bankruptcy does not as a matter of law
discharge Montgomery’s liability on the note or prove that the indebtedness was
fully satisfied based upon the valuation of the collateral in the bankruptcy. 
17 S.W.3d at 712, 714.  The issue presented in this appeal with respect to the
Jonietz bankruptcy is substantially the same as the issue we addressed in Caprock I. 


            Montgomery
next takes issue with this court’s rendition of judgment, rather than remand,
based upon our holding that Montgomery’s res judicata defense fails as a matter
of law.  Had this court merely determined that Montgomery did not establish as
a matter of law that he was in privity with MFC and that an issue of fact
existed as to privity, we would have remanded the cause with respect to the issue
of res judicata.  However, Caprock asserted that there was “no privity” between
Montgomery and MFC and that this suit is not a “separate” lawsuit from the
earlier judgment in favor of MFC but is part of the same lawsuit.  We agreed,
determining as a matter of law that res judicata does not preclude Caprock’s
claims against Montgomery in this suit. 

In
an earlier proceeding in this same case, Montgomery and MFC presented this
court with a question of law concerning res judicata and the finality of the
judgment as to MFC.  Caprock II, 89 S.W.3d 179.  We determined that
judgment as to MFC, but not Montgomery, had become final and that res judicata
barred further claims against MFC.  Id. at 185-86.  The cause was
remanded for further proceedings on the claims against Montgomery.  Thus, the
law of this case is that the claims against MFC became final and were thereby
severed from those against Montgomery, whereas the claims against Montgomery
remained pending as live claims in this suit.  Under such circumstances,
Montgomery and MFC cannot be in privity for purposes of this suit.  

In
Caprock III, the Young County suit, it was also determined that res
judicata barred further claims against MFC.  2005 WL 3118787.  Though res
judicata barred the claims asserted in the Young County suit against MFC, res
judicata would not have barred claims against Montgomery in that suit as there
were live claims pending against Montgomery in Nolan County.  Montgomery and
MFC, therefore, did not share an identity of interest in the Young County
suit.  

As
to estoppel, our holding was based upon prior assertions made by Montgomery and
MFC and relied upon by this court in Caprock II.  Our records from Caprock
I show, contrary to Montgomery’s contention in his motion for rehearing, that
an appeal of the 1996 summary judgment in favor of MFC had been perfected.  MFC
was named as an appellee in this court and was represented by counsel.  In its
brief in Caprock I, however, Caprock did not raise any points of error
relating to MFC, but it did raise points relating to Montgomery, who had also
been granted summary judgment.  See Caprock II, 89 S.W.3d at 183. 
Consequently, at the urging of Montgomery and MFC in Caprock II, we held
that, “absent properly assigned error” in Caprock I, the earlier summary
judgment in favor of MFC was final and that any further claims by Caprock
against MFC were barred.  Id. at 185-86.  We note that, when Montgomery
and MFC urged their defense of res judicata in Caprock II, they did so
only as to MFC.  Indeed, had they at that point urged privity between the two
and res judicata with respect to Montgomery as well as MFC, it is unlikely that
this court would have held in Caprock II that res judicata barred the
action against MFC.  The appeal in Caprock I stemmed from the granting
of Montgomery’s and MFC’s motions for summary judgment that were, as stated in
MFC’s motion, based upon an “identical position.”  If Montgomery and MFC had been
in privity, the points of error relating to Montgomery would have applied to
MFC.  Montgomery may not now argue that he is in privity with MFC when he and
MFC previously asserted successfully in this court a position inconsistent with
that of privity.  

Montgomery’s
motion for rehearing is denied.  

 

 

July 8, 2010                                                                             JIM
R. WRIGHT

Panel consists of:  Wright, C.J.,                                              CHIEF
JUSTICE

McCall, J., and Strange, J.