# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20284
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 4, 2015

Lyle W. Cayce
Clerk

NATHANIEL PERKINS,

      Plaintiff - Appellant

v.

BANK OF AMERICA,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
No. 4:12-CV-3049

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

      We withdraw our previous opinion, *Perkins v. Bank of America*, No. 14-20284, 2015 WL 64870 (5th Cir. Jan. 6, 2015) (per curiam), and substitute the following:

\* \* \*

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20284

Nathaniel Perkins appeals the district court's order granting summary judgment in favor of Bank of America. Perkins argues that Bank of America failed to comply with both its statutory and contractual obligations when it foreclosed on Perkins's homestead. Accordingly, he argues that summary judgment was inappropriate. For the reasons explained below, we affirm the district court's entry of summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 18, 2001, Perkins refinanced his mortgage with Bank of America ("BOA") and executed a promissory note in the amount of $75,076.82. In order to secure his obligation under the promissory note executed with BOA, Perkins entered into a Deed of Trust with BOA for the real property located at 8311 Tamayo Drive, Houston, Texas, 77083 (the "Property"). Although the Deed of Trust was later assigned to another organization, BOA continued to act as the mortgage servicer for the loan following the assignment.[1]

In August 2009, Perkins defaulted on his mortgage by failing to repay his mortgage obligation. According to the affidavit of Veronica Vela, an associate Vice President of BOA, on August 24, 2009, BOA sent Perkins a notice of default. Perkins did not cure his default by resuming his mortgage payments. As a result, BOA retained the law firm of Barrett, Daffin, Frapier, Turner, & Engel, LLP ("Barrett Daffin") to proceed with a non-judicial foreclosure sale of the Property. On January 19, 2010, Barrett Daffin sent Perkins a Notice of Acceleration by certified mail with a Notice of Substitute Trustee Sale attached. The Notice of Acceleration stated that Perkins was in default, that BOA had decided to accelerate the maturity of the debt, and that Perkins could reinstate the loan as provided for by the Deed of Trust and

---

[1] BOA is the successor by merger to BAC Home Loans Servicing, LP, which was the mortgage servicer at the time of Perkins's default.

No. 14-20284

applicable Texas law.  On August 9, 2010, Barrett Daffin sent Perkins another Notice of Acceleration by certified mail with another Notice of Substitute Trustee Sale (the "Notice of Sale") attached.  The Notice of Sale indicated that the Substitute Trustee planned to sell the Property on September 7, 2010, at a public auction.  The foreclosure sale was ultimately held on September 7, 2010, where the Property was sold to a third-party purchaser.

On September 7, 2012, Perkins filed a lawsuit against BOA and Barrett Daffin in the 400th Judicial District Court of Fort Bend County, Texas.  In his original petition, Perkins alleged that BOA and Barrett Daffin had breached their contract, embodied in the Deed of Trust, by failing to provide proper notice of the September 7, 2010 foreclosure sale.  He further alleged violations of the Texas Finance Code, Tex. Fin. Code § 392.304; the Texas Deceptive Trade Practices Act ("DTPA"), Tex. Bus. & Com. Code § 17.50; and the Texas Civil Practices and Remedies Code, Tex. Civ. Prac. & Rem. Code § 12.002.

On October 12, 2012, BOA removed the case to the United States District Court for the Southern District of Texas based on diversity jurisdiction.  The district court granted Barrett Daffin's motion to dismiss on April 8, 2013.  On July 3, 2013, BOA moved for summary judgment.  The district court issued an order granting BOA's motion for summary judgment on November 21, 2013.  It entered final judgment for both BOA and Barrett Daffin on November 22, 2013.  Although Perkins filed a motion to alter or amend the judgment under Rule 59, the district court denied the motion.  Perkins filed his notice of appeal on May 2, 2014.[2]

---

[2] Perkins has not appealed the district court's order finding that he failed to state a claim against Barrett Daffin.

No. 14-20284

## STANDARD OF REVIEW

"We review a district court's grant of summary judgment de novo, applying the same standard on appeal as that applied below." *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers*, 755 F.3d at 350 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[T]his court construes 'all facts and inferences in the light most favorable to the nonmoving party.'" *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)). However, "[s]ummary judgment may not be thwarted by conclus[ory] allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Id.*

## DISCUSSION

### I.   Breach of Contract

Under Texas law, "[t]he essential elements of a breach of contract claim are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach." *B & W Supply, Inc. v. Beckman*, 305 S.W.3d 10, 16 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). We hold that Perkins has not shown a genuine dispute of material fact because he has introduced no evidence to show that BOA breached the deed of trust.

*See Celotex Corp.*, 477 U.S. at 323 (explaining that there can be no genuine issue as to any material fact when there is a "complete failure of proof concerning an essential element of the nonmoving party's case" because such a failure "necessarily renders all other facts immaterial.").

The deed of trust states that it is "governed by Texas law and applicable federal law." Perkins's breach of contract claim is premised on an alleged breach of this provision. Perkins argues that BOA's alleged failure to send a notice of default by certified mail, as required by Tex. Prop. Code § 51.002(d), constitutes a breach of the deed of trust. However, Tex. Prop. Code § 51.002(e) provides that an "affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." The record contains both a copy of the notice of default that was sent to Perkins and an affidavit of Cynthia Durant-Foor, an employee of National Default Exchange L.P., which was the service provider for Barrett Daffin. Durant-Foor states in her affidavit that "[to] the best of my knowledge and belief, proper notice of default was served prior to acceleration of the indebtedness." She further states in her affidavit that "[a]ll obligations and duties of the Mortgage Servicer were provided in the manner required by law." Durant-Foor's affidavit is prima facie evidence that the notice of default was sent in compliance with Tex. Prop. Code § 51.002. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (holding that BAC had satisfied its burden of proof that a notice of sale had been sent by showing proof of the mailing and by submitting an affidavit).

Perkins offers no evidence to create a genuine issue of material fact on this point.[3] "Summary judgment may not be thwarted by conclus[ory]

---

[3] Perkins relies on *Kaldis v. Aurora Loan Servs.*, 424 S.W.3d 729 (Tex. App.—Houston [14th Dist.] 2014, no pet.) to support his argument that failing to send a notice of default by certified mail can lead to a breach of the deed of trust. However, the loan servicer in *Kaldis*,

allegations [and] unsupported assertions." *McFaul*, 684 F.3d at 571. Accordingly, Perkins's assertion in his original petition filed in state court that "[t]here is no proof that [Barrett Daffin] sent a proper default letter," is not sufficient evidence to establish the existence of a dispute as to a genuine issue of material fact for summary judgment purposes. *See Anderson*, 477 U.S. at 249 ("[I]n the face of the defendant's properly supported motion for summary judgment, the plaintiff could not rest on his allegations . . . to get to a jury without any significant probative evidence tending to support the complaint." (internal citation and quotation marks omitted)). Since Perkins has failed to present any evidence, beyond conclusory allegations and unsubstantiated assertions, that BOA failed to send a notice of default by certified mail, summary judgment on his breach of contract claim was proper. *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("To withstand a motion for summary judgment, a plaintiff must show that there is a genuine issue for trial by presenting evidence of specific facts.").

## II.  Texas Finance Code and Deceptive Trade Practices Act

Perkins has alleged that BOA violated Tex. Fin. Code § 392.304(a)(8), which prohibits a misrepresentation of "the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding."  In order for a statement to constitute a misrepresentation under § 392.304(a)(8), it must be a false or misleading assertion.  *Reynolds v. Sw. Bell Tel., L.P.*, No. 2–05–356–CV, 2006 WL 1791606, at *7 (Tex. App.—Fort Worth June 29, 2006, pet. denied).  The failure to send a notice of default by certified mail is not a false or misleading assertion

---

unlike here, did not submit an affidavit stating that the notice was sent in compliance with Tex. Prop. Code § 51.002. *See id.* at 734–35. Accordingly, *Kaldis* is distinguishable because here there is evidence in the record to establish that the notice of default was sent "in the manner required by law."

for purposes of § 392.304(a)(8).  As explained above, even assuming that BOA failed to send a notice of default by certified mail, as required by Tex. Prop. Code § 51.002(d), BOA's August 9, 2010 Notice of Acceleration provided notice by certified mail that Perkins was in default.  Accordingly, there is no evidence that BOA ever led Perkins "to think differently with respect to the character, extent, amount, or status of [his] debt."  *Miller v. BAC Home Loan Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013).  Therefore, we hold that the district court's summary judgment order regarding the § 392.304(a)(8) claim was appropriate.

As for the derivative claim under the DTPA, summary judgment was appropriate because there is no evidence establishing that Perkins qualified as a consumer under the DTPA.  *See Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 159 (Tex. App.—Fort Worth 2007, pet. denied).  A DTPA claim requires the claimant to establish: (1) that he is "a consumer of the defendant's goods or services;" (2) that "the defendant committed a false, misleading, or deceptive act in connection with the lease or sale of goods or services, breached an express or implied warranty, or engaged in an unconscionable action or course of action;" and (3) that "such actions were the producing cause of the . . . actual damages."  *Id.*  In order to qualify as a consumer under the DTPA a person "must seek or acquire goods or services by lease or purchase" and "the goods or services sought or acquired must form the basis of [that person's] compliant."  *Id.*  "Generally, a person cannot qualify as a consumer if the underlying transaction is a pure loan because money is considered neither a good nor a service."  *Id.*

Here, the transaction underlying the relationship between Perkins and BOA is a loan refinance.  The Texas Supreme Court has previously held that a person seeking a loan from a bank in order to refinance his car did not qualify as a consumer under the DTPA.  *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d

169, 170–71 (Tex. 1980).  However, "a lender may be subject to a DTPA claim if the borrower's 'objective' is the purchase or lease of a good or service thereby qualifying the buyer as a consumer." *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 567 (Tex. 1984).  Nevertheless, the refinancing that Perkins sought from BOA is "directly analogous to the refinancing services sought by the claimant in *Riverside*." *Fix*, 242 S.W.3d at 160 (citing *Riverside Nat'l Bank*, 603 S.W.2d at 173–74) (holding that the plaintiffs were not consumers for purposes of the DTPA because the refinancing services provided by the defendant did not qualify as a good or service under the DTPA).  Since Perkins had already purchased his home, the BOA refinance was a mere extension of credit, which does not qualify as a good or a service under the DTPA.  *Id.*; *see also La Sara Grain Co.*, 673 S.W.2d at 566 (explaining that the borrower in *Riverside* was not a consumer because he "sought only the extension of credit from Riverside, and nothing more"); *Henderson v. Tex. Commerce Bank-Midland, N.A.*, 837 S.W.2d 778, 782 (Tex. App.—El Paso 1992, writ denied) ("An individual who merely seeks to acquire the use of money over a period of time, to refinance loans, does not seek or acquire a service, as defined by the DTPA, and therefore, is not a consumer protected under the DTPA.").  Accordingly, the district court's summary judgment order was appropriate because there is no evidence to establish that Perkins was a consumer for purposes of the DTPA.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.