# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10860
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 22, 2019

Lyle W. Cayce
Clerk

STEVEN CREAR,

Plaintiff - Appellant

v.

SELECT PORTFOLIO SERVICING INCORPORATED; DEUTSCHE BANK TRUST COMPANY, NATIONAL ASSOCIATION, also known as Deutsche Bank National Trust Company,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-159

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Steven Crear sued his lender and its loan servicer to prevent them from foreclosing on his property. After defendants removed the case to federal court, the parties filed cross-motions for summary judgment. The district court granted defendants' motion and denied Crear's. Crear now appeals. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10860

## I.

In 2005, Steven Crear executed a deed of trust and a promissory note (together, the "loan") in favor of Long Beach Mortgage Company. Washington Mutual Bank, F.A. ("Washington Mutual"), as successor-in-interest to Long Beach Mortgage Company, assigned the loan to Deutsche Bank National Trust Company as trustee of a securitized trust. Under the terms of the loan, Crear granted the lender a security interest in his property located in Dallas, Texas, to secure payment of a $114,400 debt. The parties additionally agreed that Crear would make monthly payments on the loan, and if he failed to do so, the lender or the loan servicer could accelerate the loan and foreclose on the property. Crear admits that he has not made a payment on the loan since 2007. Thus, pursuant to the terms of the loan, Washington Mutual, acting as the loan servicer at the time, sent Crear a notice of acceleration on February 9, 2009. The notice of acceleration informed Crear that Washington Mutual, on behalf of Deutsche Bank, had accelerated the loan; that all sums secured by the deed of trust were due immediately; and that a foreclosure sale was scheduled for March 3, 2009. For reasons that are not clear from the record, the March foreclosure sale was postponed.

Washington Mutual later sent Crear two additional letters—one on December 4, 2009, and one on July 16, 2010. These letters informed Crear that he could cure his default by paying off the amount of his default or by paying off the loan. The letters also provided up-to-date payoff amounts for both options.

After JPMorgan Chase Bank, N.A. ("Chase"), and Washington Mutual merged, Chase took over the servicing of the loan. On November 5, 2012, Chase sent Crear eight notices of default titled "Acceleration Warning (Notice of Intent to Foreclose)." In true belt-and-suspenders fashion, Chase sent four of these notices by certified mail and four by first-class mail. Like the earlier

No. 18-10860

letters, these notices informed Crear of the payment he needed to make to cure his default. The letters also warned that failure to cure would result in Chase (as the designee of Deutsche Bank) accelerating the loan, declaring all sums immediately due and payable, and commencing foreclosure proceedings.

On May 1, 2013, Select Portfolio Servicing Incorporated ("SPS") took over from Chase the servicing of Crear's loan. After sending Crear several notices of default warning him that failure to cure would lead to acceleration and foreclosure, SPS sent Crear a notice of foreclosure on November 23, 2016, informing him that the loan had been accelerated and the property would be sold on January 3, 2017.  The foreclosure sale has not taken place.

Crear sued SPS and Deutsche Bank in state court, arguing that the statute of limitations barred the foreclosure of his property. Defendants removed the case to federal court, asserting diversity jurisdiction. Crear concedes that he received the February 2009, letter informing him that Washington Mutual had accelerated the loan. But he argues that none of the subsequent letters were actually mailed to him, and defendants never abandoned the acceleration. Therefore, because more than four years had passed since the loan was accelerated, Crear contends that defendants could no longer foreclose on his property under Texas law. The district court granted defendants' motion for summary judgment, concluding that there was no genuine fact issue as to whether defendants sent Crear notices of default on December 4, 2009, and July 15, 2010, thus abandoning the February 2009 acceleration of Crear's debt.  Crear appeals.

## II.

We review a grant of summary judgment de novo. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 252 (5th Cir. 2013). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

No. 18-10860

Fed. R. Civ. P. 56(a). "Once the moving party has demonstrated the absence of a material fact issue, the non-moving party must 'go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Id.* (quoting *Little*, 37 F.3d at 1075). Instead, the nonmovant must set forth sufficient facts such that a reasonable jury could return a verdict in his favor. *Id.*

### III.

Under Texas law, a secured lender must bring suit for the foreclosure of real property within four years of accelerating the loan. *See* Tex. Civ. Prac. & Rem. Code § 16.035(a); *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 104 (5th Cir. 2015). But the lender can unilaterally abandon the acceleration when it "put[s] the debtor on notice of its abandonment . . . by requesting payment on less than the full amount of the loan." *Boren*, 807 F.3d at 106 (alteration and omission in original) (quoting *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 F. App'x 677, 680 (5th Cir. 2015) (per curiam) (unpublished)).

Crear's argument on appeal is narrow. Crear concedes that he has not made a payment on the loan since 2007, and he agrees that he received Washington Mutual's February 9, 2009, notice of acceleration. But he argues that he did not receive any of the subsequent letters abandoning the acceleration and, therefore, the defendants can no longer foreclose on his property because the limitations period expired on February 9, 2013.[1] He does

---

[1] Crear states, in passing, that he "argues that the district court erred when it allowed the introduction [of] defendants' conclusory declarations over plaintiff's objections," apparently in reference to the district court's decision to admit the declaration of Michael

No. 18-10860

not argue that the letters would not have abandoned the acceleration had they been sent or that he actually needed to have received the letters. Nor does he argue that certified mail was an insufficient means of delivering the letters. Therefore, we limit our discussion accordingly.

Under the terms of the note, defendants were required to provide any notices to Crear via first-class mail. Here, defendants chose to notify Crear by certified mail. Pursuant to the Texas Property Code, service of notice "is complete when the notice is deposited in the United States mail"; the borrower does not actually need to receive the letter. Tex. Prop. Code § 51.002(e); *see also Martins*, 722 F.3d at 256. The Code specifically provides that "[t]he affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." § 51.002(e).

Defendants have established a prima facie case of service here. Michael Burns, an attorney at the law firm representing Washington Mutual, submitted a declaration stating that Washington Mutual sent the December 4, 2009, and July 15, 2010, letters by certified mail. Although he did not mail the

---

Burns, an attorney who represented Washington Mutual in its attempts to seek payment from Crear. But Crear does not brief this argument and, therefore, we consider it waived. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010) (finding argument not adequately presented where brief did not discuss the issue "in any depth"). Even if he had adequately briefed his argument, the declaration satisfies Federal Rule of Civil Procedure 56(c)(4), which allows movants to submit affidavits or declarations in support of their motions, as long as they are "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." All three requirements are satisfied here. Burns stated that the declaration was made based on his personal knowledge and established that he was competent to testify. His testimony that the December 4, 2009, and July 16, 2010, letters were sent by certified mail is based on his knowledge of his law firm's ordinary practices and a review of its recordkeeping system. We have recognized that an affiant may have personal knowledge of an organization's practices by participating in those practices and reviewing the organization's records. *See F.D.I.C. v. Patel*, 46 F.3d 482, 484 (5th Cir. 1995) (concluding employee of company familiar with computer records system could speak from personal knowledge that documents were admissible business records). Thus, the district court did not err by admitting the Burns declaration.

letters himself, he averred he had personal knowledge of the facts stated in his declaration based on his experience working at the law firm during the time the letters were sent to Crear and his review of the firm's business records. Burns also attached copies of the letters to his declaration, each of which states that the letter was sent "Via Certified Mail return receipt requested." The Burns declaration is thus prima facie evidence that the December 4, 2009, and July 15, 2010, letters were sent.

In response, Crear argues he never received the letters. Although he acknowledges that defendants do not have to show that he received the letters, he argues that the fact that he did not receive the letters demonstrates that the letters were never sent. As further proof, Crear points to other letters that he concedes were sent by certified mail. He argues that these letters have a certified mail number printed across the top of the letter. The December 4, 2009, and July 15, 2010, letters do not have any such numbers.

Crear has not raised a genuine issue of material fact sufficient to survive summary judgment. "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). The Burns affidavit and its attached copies of the December 4, 2009, and July 15, 2010, letters are sufficient to establish that the letters were sent. *See Perkins v. Bank of Am.*, 602 F. App'x 178, 181 (5th Cir. 2015) (unpublished) (per curiam). Crear's unsubstantiated conclusion that the lack of a certified mail number means that the letters were never mailed is not enough to survive summary judgment.

Moreover, even if the December 4, 2009, and July 15, 2010, letters had not been mailed, Washington Mutual's subsequent servicer, Chase, abandoned the acceleration within the four-year statute of limitations by sending eight notices of default on November 5, 2012. Melissa Smith, an SPS document

control officer, submitted a declaration authenticating these letters based on her review of SPS's loan records. Smith also authenticated Chase's certified mail register, which lists four of the letters as having been sent by certified mail on November 5, 2012. In addition, Smith authenticated Chase's USPS certificate of bulk mailing for its first-class mail sent on November 5, 2012. Therefore, defendants have also sufficiently established that the November 5, 2012, notices of default were put in the mail. *See* § 51.002(e).[2]

Because there is no genuine fact issue that the letters from Washington Mutual and Chase abandoned the acceleration within four years of the date the loan was accelerated, the note was restored to its original maturity date. Thus, defendants were not required to foreclose within four years of the February 9, 2009, acceleration, and Crear's request for declaratory relief based on the running of the limitations period is without merit.

## IV.

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[2] Crear did not file a reply brief, and his opening brief does not address these letters. To the extent his arguments below should apply here, they are without merit. Crear argued that Smith's declaration was inadmissible because she "fails to authenticate the letters at issue and fails to prove that the letters were mailed." In considering the authentication of business records, we have recognized that "there is no requirement that the records be created by the business having custody of them." *United States v. Duncan*, 919 F.2d 981, 986 (5th Cir. 1990). Instead, courts should focus on the trustworthiness of the business records. *Id.* Here, Smith's declaration established that the records were trustworthy. She explained that the letters were true and correct copies of those sent to Crear. She based this knowledge on her review of SPS's loan records, which are housed in a computer database. And Smith further explained: "[w]hen SPS receives documents from third parties, including prior servicers to loans it services, those documents are placed in the Loan Records at or near the time they are received and are adopted as business records of SPS." To the extent Crear challenged the substance of the letters, these arguments are also without merit. His main contention, again, was that he never received these letters. He also argued that the letters were related to a different loan, noting that the loan numbers did not match. The difference in numbers is due to the difference in service providers, however, and the loan number on the notices matches the number Chase assigned to the loan.